All concur with FINCH, J., except ANDREWS and PECKHAM, JJ., dissenting.

Judgment affirmed.

---

WILLIAM H. NEARPASS et al., as Administrators, etc., Appellants, *v.* WINTHROP W. GILMAN, Respondent.

In an action by executors or administrators against the maker of a note or the drawer of a check, executed for defendant by his agent, where the defense is payment, the agent is not precluded from testifying on behalf of his principal to personal transactions and communications

with the decedent showing payment by the agent; he is not "interested in the event" within the meaning of the Code of Civil Procedure (§ 829).

In such an action the indorser of the paper, not a party, is also a competent witness for the defendant as to such transactions or communications, where it does not appear that he has been charged as indorser; his indorsement simply does not make him even presumptively liable, and, until presentation, protest and notice is shown, he does not stand in the attitude of one interested in the event.

(Argued January 31, 1887, decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 10, 1878, which affirmed a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 16 Hun, 121.)

The nature of the action and the material facts are stated in the opinion.

*John W. Lyon* for appellants. The entire testimony of Alfred Gilman, given upon the trial of this cause as to personal transactions and communication with plaintiffs' intestate was incompetent and inadmissible, he being the general agent of the defendant and having transacted all the business in relation to the matters in suit for the defendant. (*Mattoon* v. *Young*, 45 N Y. 695, 699; *Head* v. *Tuter*, 10 Hun, 548; *Wooster* v. *Booth*, 2 Hun, 426.) In the event of the defeat of the defendant in this action, Alfred Gilman was liable to defendant and could have been proceeded against. (*Stoll* v. *King*, 8 How. 298; *Noble* v. *Prescott*, 4 E. D. Smith, 139; *Farnsworth* v. *Ebbs*, 2 Hun, 438; *Church* v. *Howard*, 79 N. Y 420; Code of Civ. Pro., § 829; *Sanford* v. *Ellithorp*, 95 N Y. 53; *Holcomb* v. *Holcomb*, id. 324; *Willis* v. *Montgomery*, 78 id. 282, *Hill* v. *Hotchkiss*, 23 Hun, 416; *Poucher* v. *Scott*, 33 id. 230; *Steele* v. *Ward*, 30 id. 555; *Allen* v. *Blanchard*, 9 Cow. 633; *Butler* v. *Warren*, 11 Johns. 58.) Assuming that Freedman was the indorser of the note inquired of, he was an incompetent witness. (*Richardson* v. *Warner*, 13 Hun, 13; *Hildebrant* v. *Crawford*, 65 N. Y. 107; *Farnsworth* v. *Ebbs*, 2 Hun, 438; *Cory* v. *White*, 59 N. Y. 336.)

*Lewis E. Carr* for respondent.　No person is now disqualified as a witness because of interest, except in certain cases enumerated in the Code, and whoever asserts the existence of the disqualification must point out the way in which the exception applies.　(Code of Civ. Pro., § 828, *Staples* v. *Fairchild*, 3 N. Y. 41; *Van Alstyne* v. *Erwin*, 11 id. 331, 341; *Lobdell* v. *Lobdell*, 36 id. 327, 333, 334.)　At common law the agent was not incompetent as a witness because of interest in an action to which his principal was a party, where no question of exceeding his powers as agent was involved. (*Bailey* v *Ogdens*, 3 Johns. R. 399, 420; 1 Greenlf. on Ev. [13th ed.], § 416; *Lowber* v *Shaw*, 5 Mass. 241; *Rice* v. *Gove*, 22 Pick. 158 [33 Am. Dec.] 724, *Wainright* v *Straw*, 15 Vt. 215; 40 id. 675; *Gilpin* v. *Howell*, 5 Penn. 41, 45 [Am. Dec.], 720, *Hoffman* v *Delehanty*, 13 Abb. Pr. 388; *Lyth* v. *Bond*, 40 Vt 618.)　Since the change in the law in which the disqualification of interest was removed no more stringent rule is applied now than when the common law existed in its rigor. (*Hildebrant* v *Crawford*, 65 N. Y. 107; *Hobart* v. *Hobart*, 62 id. 80, *Sherman* v *Scott*, 27 Hun, 331; *Parker* v *McCunn*, 2 Week. Dig. 502.)　The interest that will disqualify a witness under section 399 of the Code must be present, certain and vested, not uncertain, remote or contingent, and must be in the event of the action, not alone in the questions involved It must be such that he will either gain or lose by the direct legal operation and effect of the judgment of the court disposing of the facts in dispute.　(*Moore* v. *Oviatt*, 35 Hun, 216, 219; Greenlf. on Ev., § 390; *Steele* v. *Ward*, 30 Hun, 555, 557; *Miller* v. *Montgomery*, 78 N. Y. 283; *Hobart* v. *Hobart*, 62 id. 80, 83; *Riddle* v *Dixson*, 2 Penn. 372; 44 Am. Dec. 207, 210, note.)　At common law an indorser who had been released was a competent witness.　He is equally competent under the Code, as he is not interested in the event of the action.　(*Starkweather* v. *Mathews*, 2 Hill, 131; *Hubly* v. *Brown*, 16 Johns. 70.)　The evidence offered by the defendant to which objection was made was as to a conversation he overheard between the deceased and Alfred Gilman,

and as the witness took no part in it and was not referred to in the conversation, it was competent. (*Simmons* v. *Sisson*, 26 N. Y. 264; *Lobdell* v. *Lobdell*, 36 id. 327, 333; *Cary* v. *White*, 59 id. 336; *Simmons* v. *Havens*, 101 id. 427, 433; *Sanford* v. *Sanford*, 61 Barb. 293; *Hildebrant* v. *Crawford*, 6 Lans. 502; *S. C.*, 65 N. Y. 107.)

FINCH, J. Two questions of evidence are presented by this appeal. The action was brought to recover the amount claimed to be due upon two checks and two notes claimed to have been executed by the defendant through his general agent, Arthur Gilman. The latter was called as a witness on behalf of the defendant to prove payment, and his evidence, which involved personal transactions and communications with the plaintiffs' intestate, was objected to for that reason, but admitted under an exception by the defendant. The witness was not a party to the action, and his testimony prohibited by section 829 of the Code for that reason, but it is urged that he comes under its description of "a person interested in the event." It is argued that if the defense failed, the agent would be liable to his principal for a misappropriation of funds, or negligence in permitting the creditor to retain the paid securities. Assuming that a possible liability of the witness upon one or the other of these grounds might exist, it is obvious that it would find its origin in facts gaining no effect or potency from the event of the action or the judgment for the plaintiffs in which it might terminate. That judgment could not bind him directly by its own force, nor indirectly as evidence against him. It might prove to be the occasion or cause of a suit against him by his principal, but in defending that suit he would be utterly unaffected by the judgment against his principal and entirely at liberty to show a payment in fact made by him with his principal's funds and explain the failure to take up the notes and checks. The judgment against his principal would not hamper or affect him in the least. The correct rule is stated in *Hobart* v. *Hobart* (62 N. Y. 80), that the disqualifying interest must be

not merely in the question involved, but, in the event of the particular action pending, such that the witness will either gain or lose by the direct legal effect and operation of the judgment, or that the record will be legal evidence for or against him in some other action. A fair example of such a case is that of a surety on an executor's bond who is bound by the surrogate's decree upon the accounting. (*Miller* v. *Montgomery*, 78 N. Y. 282.) But Gilman was not bound directly by the judgment, nor indirectly by it, as a matter of evidence. He was at liberty to dispute, as against himself, the facts upon which it rested. His possible interest in the question involved did not make him interested in the event of the action.

One of the notes sued was drawn to the order of Edward Freedman, and was indorsed by him. He was not a party to the action. He was offered as a witness in behalf of the maker of the note. Assuming that plaintiff's intestate derived title to the note through or from the indorser, although, if merely an accommodation indorser, as is alleged, the assumption might perhaps be challenged, yet the witness was not called or examined in behalf of the party succeeding to his title or interest but against that party. It is claimed, however, that Freedman was examined in his own behalf, and had an interest in the event of the action by reason of his position as indorser. But the fact of his indorsement merely did not make him liable on the note, and we think not even presumptively so. Until the note was duly presented and protested for non-payment and due notice given, the indorser was not liable at all. At the date of the trial the note was long past due, and Freedman charged as indorser or discharged by the omission of protest and notice. He says he received no notice. Presumptively, therefore, none was sent. If the plaintiffs had shown that his liability as indorser had arisen, or possibly even that a claim of protest and notice in good faith existed, so as to leave the question of liability open, it might be urged that he had an interest in proving payment, but until something of the kind appeared, he stood not at all in the

attitude of one interested in the event of the action and examined in his own behalf.  The general rule excludes no one on account of interest.  Whoever would close the mouth of a witness must place him within the boundaries of the exception. This was not done.  The court could not pronounce him disqualified upon the facts before it, for nothing appeared raising even a presumption of an interest in behalf of which his testimony could operate.

No other questions need to be considered.

The judgment should be affirmed.

All concur.

Judgment affirmed.