## PAYNE v. KERR et al.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

1. COMPETENCY OF WITNESS—INTERESTED PARTY.

In an action by the assignee of a mortgagee against a judgment creditor of the mortgagor for the conversion of mortgaged property by a sale of the

same on execution, defendant's attorney in the execution sale is not an interested party, within Code Civil Proc. § 829, so as to disqualify him from testifying to a verbal agreement between himself and the mortgagee, made before the entry of defendant's judgment, whereby defendant was permitted to satisfy his execution out of the chattels without interference from the mortgagee, and that execution issued in pursuance of such agreement.

2. CONVERSION—EVIDENCE.
    Such agreement between witness and the mortgagee, directly negativing plaintiff's claim of conversion, is competent.

Appeal from judgment on report of referee.

Action by Irving Payne against Abram T. Kerr and others. From a judgment entered for plaintiff in the county court on the report of a referee, defendants appeal. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

William F. Mackey, for appellants.
De Merville Page, for respondent.

LEWIS, J.   Edward P. Carr was the owner of a stock of goods in the village of Almond, Allegany county, on the 13th day of February, 1886, and on that day executed and delivered to Dr. Zacharias Dildine a chattel mortgage thereon to secure the payment of a debt of about $1,-500 which he then owed to the doctor. On the 19th day of April, 1886, Dr. Dildine was in possession of the stock of goods under his chattel mortgage, and on that day the defendants recovered a judgment for the sum of $697.34 against the mortgagor, Carr. They caused an execution to be issued upon the judgment to the sheriff of Allegany county, and he on that day levied upon the stock of goods under the execution, and thereafter advertised and sold the goods by virtue thereof. The defendants' attorney, Mr. John C. Collins, personally directed the levy and sale. After the sale of the goods had taken place, and on the 6th day of January, 1887, the mortgagee, Dr. Dildine, sold and assigned to the plaintiff the said chattel mortgage, and the principal debt for the payment of which the mortgage was given as security, and also all claims, actions, and causes of action against any and all persons by reason of said mortgage. The plaintiff thereupon brought this action against the defendants for the conversion of the mortgaged property. The action was duly referred and tried, and the plaintiff recovered a judgment against the defendants for the amount due and unpaid on the mortgage, and the defendants appealed from the judgment.

A new trial must be granted because of errors of the referee in the rejection of evidence. The defendants called their attorney, John C. Collins, as a witness. He testified that he was the attorney of record for the defendants in their action against the mortgagor, Carr; that he saw Dildine at Almond on April 19, 1886, the day of the recovery of the judgment against Carr; that he there had a conversation with Dildine before the entry of the judgment against Carr. He was then asked to relate the conversation. Plaintiff objected on the ground that it was incompetent and irrelevant; "it appearing that the witness is personally liable for the amount of the goods mentioned in the complaint, and that a result in the defendants' favor could be used as a bar by him in any

action brought by plaintiff against him; he is interested in the result of the action, and is incompetent to testify to any transaction or conversation with Dildine, under section 829 of the Code of Civil Procedure; and for the further reason that the declarations of Dildine are incompetent as against the plaintiff, a purchaser for value." The objection was sustained, and the defendants duly excepted. The defendants thereupon offered to prove by the witness that on the 19th day of April, 1886, the plaintiff's assignor, Dildine, agreed with the witness to permit an execution on the defendants' judgment against Carr, the mortgagor, to be levied by the sheriff of Allegany county upon the stock of goods and fixtures then in the store of Carr at Almond, and that a sale would be had under such execution, and the execution satisfied out of such goods, and that Dildine would not claim any prior lien upon such goods by reason of his chattel mortgage thereon; and that an agreement was then and there made between Dildine and Collins, as attorney for defendants here, that defendants' judgment against Carr and Dildine's mortgage should be satisfied out of the goods and fixtures then in Carr's store. The offer was excluded, and defendants excepted. The defendants thereupon offered to show by the witness that, at the time the agreement was made, other creditors of Carr were endeavoring to obtain possession of the stock of goods, and that Dildine said to the witness that he wanted to have defendants' claim paid, and that he was willing it should be paid, as the claim was the largest of any of the creditors, and he would have less difficulty in securing his own claim under such an arrangement with the defendants than with the other creditors; and that in pursuance of such an agreement the witness, as attorney for defendants, issued the execution upon the defendants' judgment against Carr, and placed it in the hands of the sheriff, to be executed out of the property and fixtures in Carr's store. The offer was excluded. The defendants further offered to show by the witness that, after the levy was made, the witness saw Dildine, and talked with him about the levy, and Dildine told him of the circumstances under which the levy was made, and that he had turned over the property to the sheriff according to the agreement made by him, and that he was satisfied to have the agreement carried out. This was also excluded under the objection of the plaintiff. These facts were unquestionably material. If true, the defendants did not wrongfully convert the goods, and were not liable in damages to either Dildine or the plaintiff for having levied upon and sold them. The offers were not to prove mere declarations of Dildine, but they were to prove that Dildine proposed and consented that the levy should be made and the goods sold under defendants' execution, and negatived any claim that there was a conversion of the goods by the defendants. Collins was neither a party to the action, nor was he interested in its result. The action was against his clients for converting the goods, but he had no pecuniary interest in the result of the action. If his clients were defeated, he had nothing to pay. The judgment would in no way bind him. It could not be used as evidence for or against him in any subsequent litigation. It would not in any manner determine his liability should an action subsequently be brought against

him by the plaintiff, because of any part which he had taken in directing the levy and sale of the goods. In case of a recovery of a judgment against his clients, and the payment of the judgment, it might operate as a payment in full or pro tanto of the debt, and in that way might benefit him in a subsequent litigation against him. His interest, however, in any event was too remote, uncertain, and contingent to disqualify him as a witness under section 829 of the Code.

It is stated in 1 Greenleaf on Evidence (section 390) that—

"The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain, and vested interest, and not an interest uncertain, remote, or contingent."

This rule was adopted and approved by the court of appeals in Hobart v. Hobart, 62 N. Y. 83; Nearpass v. Gilman, 104 N. Y. 506, 10 N. E. Rep. 894; Wallace v. Straus, 113 N. Y. 242, 21 N. E. Rep. 66. These cases are authority for the claim of the appellants that the exclusion of this evidence was error. The facts which it was proposed to prove by the witness Collins were material to the issue that was being tried; they went direct to the gist of the plaintiff's cause of action. Because of the error in excluding this evidence, the judgment must be reversed, and a new trial granted, with costs to abide the event. All concur.