(5 App. Div. 562.)

## SAVERCOOL v. WILSEY.

(Supreme Court, Appellate Division, Third Department.  May 4, 1896.)

1. WITNESS—COMPETENCY—TRANSACTIONS WITH DECEDENTS.
    The husband, acting as agent of a party to an action, is not a "person interested in the event," within Code Civ. Proc. § 829, which provides that a person interested in the event of an action shall not testify in his own behalf against the administrator of a decedent concerning personal transactions with him and decedent.

2. SAME—TESTIMONY AGAINST INTEREST.
    A person interested in the event of an action is not excluded by said section 829 from testifying against his own interest.

Appeal from circuit court, Tompkins county.

Action by Lavina Savercool, as administratrix of the estate of Marcus D. Brink, deceased, against Julia Brink Wilsey, for conversion. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Hungerford & McGuire, for appellant.

Tompkins & Cobb, for respondent.

HERRICK, J.   This is an appeal by the plaintiff from a judgment entered upon the verdict of a jury in favor of the defendant, and from an order denying a motion for a new trial.  It appears that the defendant and Marcus D. Brink, deceased, were brother and sister, and for many years had lived together upon a farm, which for some years had been owned by the defendant.   On the 15th day of May, 1893, the defendant executed and delivered to her brother, Marcus D. Brink, a bill of sale of certain personal property which was upon the farm.   This bill of sale was filed in the town clerk's office, May 17, 1893.   Marcus D. Brink died on or about the 20th of January, 1894.   The plaintiff was duly appointed administratrix of his estate, and, finding this bill of sale on file, she made demand, through her husband, upon the defendant, for the delivery to her, as administratrix, of the personal property mentioned in such bill of sale.   The defendant refused to deliver possession of the property, and thereupon this action was commenced for the value thereof. Upon the trial, the defendant produced a paper purporting to be executed by her brother, Marcus D. Brink, dated December 2, 1893, whereby he transferred to the defendant all his property for the consideration of $150, and the further consideration that the defendant should take care of him as long as he lived.   The paper recites that the defendant paid five dollars to bind the bargain.   If the evidence that was admitted upon the trial was legally admissible, there is sufficient to sustain the verdict of the jury.

The principal exceptions to the admission of evidence were taken under section 829 of the Code of Civil Procedure.   The husband of

the defendant was sworn as a witness, and gave testimony as to the execution of the bill of sale, and the statements made to him by the deceased at that time.    This testimony was taken under objections and exceptions by the plaintiff, upon the ground that he was the husband of the defendant, and acting as her agent, and was therefore interested in the event of the action, and incompetent as a witness to any transaction with the deceased.   I do not think this objection can be sustained.    It has been held that section 829 of the Code does not exclude either the agent or husband of the party from testifying. · Nearpass v. Gilman, 104 N. Y. 506, 10 N. E. 894; Whitman v. Foley, 125 N. Y. 651–659, 26 N. E. 725.

Two of the sisters of the defendant were also sworn upon the part of the defendant, and gave testimony as to conversations with the deceased, which were also objected and excepted to.    I do not think the exception to the testimony of either is valid.    There is no claim that the defendant took any interest in the property by, through, or under these witnesses.    They were not sworn, nor did they give evidence, in behalf of their own interest, or in behalf of any party succeeding to their title or interest.    The testimony that they gave was against their own interest.    If the alleged bill of sale of December 2d was invalid, they would share in their brother's property.    If it was a valid bill of sale, it excluded them from all interest in such property.    Their testimony tended to establish the validity thereof. Consequently, it did not come within the inhibition of section 829. Carpenter v. Soule, 88 N. Y. 251.

The testimony as to the payment by the defendant of the doctor's bills and funeral expenses of the deceased, I think, was proper. There was testimony tending to show that the $150 expressed as part consideration for the transfer by the deceased to the defendant of the personal property in question was to pay his debts and funeral expenses, and this testimony was proof that she had, by the payment of such bills, paid the consideration for the transfer of the personal property to her.

The order and judgment should be affirmed, with costs.    All concur.