All concur, except RUMSEY, J., who dissents.

---

## MICHAELIS v. TOWNE.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

1. DEPOSITION—SUPPRESSION—REFUSAL TO ANSWER CROSS INTERROGATORIES.

Under Code Civ. Proc. § 910, providing that where it appears by affidavit that a deposition has been improperly or irregularly taken or returned, or that the personal attendance of the witness on the trial could have been procured with due diligence, by subpœna, or that the attorney for either party had practiced any fraud, or unfair or overreaching conduct, to the

prejudice of the adverse party, an order for the suppression of the deposition may be made on the application of the party aggrieved, a motion to suppress a deposition, on the ground that the witness whose deposition had been taken had refused to answer cross interrogatories, should be denied, where it does not appear that there was any collusion between the witness and the party in whose behalf the deposition was taken, and the questions not answered called for immaterial evidence.

**2. SAME.**

A witness whose deposition was being taken was asked whether or not he had received any money or funds of any kind from any person or persons, or the promise of any, within the last three months, and, if so, requiring him to state fully and particularly as to the same. He answered that he had not, except what was coming to him for labor performed by him at a certain place. The employment was long subsequent to the transactions inquired of in the direct examination. He also refused to answer an interrogatory inquiring whether or not a certain letter written by him to his wife referred to defendant, the letter itself being immaterial. *Held* not to show such a deliberate refusal to fairly and fully answer questions propounded as would authorize the suppression of the deposition.

Appeal from special term, New York county.

Action by Naomi Michaelis against Robert S. Towne. From an order suppressing a deposition taken in defendant's behalf, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

H. B. Closson, for appellant.
Edwin M. Felt, for respondent.

INGRAHAM, J. The action was brought to recover the possession of certain stock of the defendant corporation and certain dividends paid thereon. This defendant appellant, answering, denied the plaintiff's ownership of the said stock. The appellant procured a commission to be issued to take the testimony of the husband of the plaintiff in the republic of Mexico, and the plaintiff proposed cross interrogatories, which were annexed to the commission. The commission was executed, and after its return the plaintiff moved to suppress the deposition upon the ground that the witness had refused to answer the eighth and eleventh cross interrogatories, and from an order suppressing the deposition this appeal is taken.

By section 910 of the Code of Civil Procedure, it is provided that:

"Where it appears, by affidavit, that a deposition has been improperly or irregularly taken or returned; or that the personal attendance of the witness, upon the trial, could have been procured with due diligence, by a subpœna; or that the attorney for either party has practiced any fraud, or unfair or overreaching conduct, to the prejudice of the adverse party, in the course of the proceeding; an order for the suppression of the deposition may be made by the court upon the application of the party aggrieved, upon notice to the adverse party."

By section 911 it is provided that:

"A deposition, taken and returned as prescribed in this article, * * * may, unless it is suppressed as prescribed in the last section, be read in evidence by either party."

This motion was made upon the deposition, no affidavit having been submitted which tends to bring the case within section 910 of

the Code, before cited; the only ground upon which the plaintiff based the application to suppress the commission being that the witness had failed to answer two cross interrogatories propounded to him. Under this provision of the Code, it is difficult to see how the court could suppress a deposition unless it appeared that the case was within section 910, Id. Section 911 expressly provides that, unless a deposition is suppressed as prescribed in section 910, it may be read in evidence by either party. The witness was the husband of the plaintiff, and his deposition was taken on behalf of the defendant. There was nothing to show that there was collusion of any kind between the witness and the defendant, or that the refusal of the witness to answer had been procured by the defendant. While the court below had ample power to order a commission returned if the cross interrogatories were not fully answered, I can see no authority for suppressing the deposition, unless the facts required to be shown by section 910 of the Code appeared upon the application. It might well be that an examination of the commission itself would show that it had been improperly or irregularly executed, as was the case in Goldmark v. Opera-House Co. (Sup.) 22 N. Y. Supp. 136, relied upon by the respondent; for in that case it appeared from an examination of the answers of the witness (the plaintiff's assignor) that there was a deliberate refusal to fairly and fully answer the questions propounded; and this, not by way of mistake, but willfully, and with knowledge that the answers were not as full and complete as required. But we think that there is nothing in this case to bring it within the rule.

The eighth cross interrogatory was: "Have you received any money or funds of any kind from any person or persons, or the promise of any, within the past three months? If so, state fully and particularly as to the same." The witness answered: "I have received no money or funds whatever from any one, except what was coming to me for labor performed by me at Sierra Mojada." It would seem that this was a fair answer to the question. It was not proper, upon a cross examination, to require a witness to state in detail all sums of money that he had received from his employers for three months prior to the time of his examination,—a period long subsequent to all of the transactions inquired of in the direct examination.

The eleventh cross interrogatory related to a letter written by the witness to his wife (the plaintiff in this action). The witness was asked to examine the letter, which was annexed to the cross interrogatories, and say whether a statement in that letter relating to a Mr. Towne referred to this appellant. This statement had nothing to do with the controversy between the parties to this action, had no relation to the stock in question, and seemed to be a general observation of the witness to a Mr. Towne and others. Whether or not it related to the defendant in the action or to some other Mr. Towne was entirely immaterial, and the letter could not be competent evidence upon the trial of the action. The cross interrogatory was therefore entirely immaterial. It appeared to be a confidential communication between the witness and his wife, having no rela-

tion to any issue in the action, and the refusal of the witness, not a party to the action, and not connected with the party at whose instance his evidence was taken, to answer an immaterial question for reasons personal to the witness, did not justify the court in suppressing the deposition.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.