(36 Misc. Rep. 19.)

## HIXSON v. RODBOURN.

(Supreme Court, Special Term, Chemung County. April 27, 1901.)

1. WITNESSES—COMPETENCY—TRANSACTION WITH DECEDENT — PARTNERSHIP—SURVIVING PARTNER.

In an action on the note of a firm against the executor of a deceased partner, where the defense is the statute of limitations, Code Civ. Proc. § 829, providing that in an action against an executor a person interested in the event shall not be allowed to testify as to any transaction with the deceased, does not preclude a surviving partner from testifying as to transactions with the deceased which would take the note out of the statute, it not appearing that there are any co-partnership assets with which the note could be paid.

2. SAME—AGENT—HUSBAND—INTEREST.

In a suit against the executor of a maker of a note, the fact that a witness is husband of the plaintiff does not constitute him an interested party, within Code Civ. Proc. § 829, declaring that, in an action against an executor, one interested in the event shall not be allowed to testify against the executor with reference to transactions had with the decedent.

3. SAME—INTEREST OF WITNESSES.

Code Civ. Proc. § 829, declaring that in an action against an executor, etc., no person interested in the event shall be allowed to testify against the executor, etc., as to transactions had with the decedent, does not preclude a witness from testifying, merely because he has an interest in the event, if the testimony be against his interest.

Action by Adelaide Hixson against James H. Rodbourn, as administrator of the goods, etc., of Joseph Rodbourn, deceased. Judgment for plaintiff.

Richard S. Thurston, for plaintiff.
Dailey & Bentley (S. S. Taylor, of counsel), for defendant.

FORBES, J. This action was brought to recover on a promissory note which reads as follows:

"$1,000.00.                          Van Ettenville, N. Y., July 1st, 1884.

"Six months after date we promise to pay to the order of Mrs. Adelaide Hixson one thousand dollars at our office in Van Ettenville, N. Y., value received, with interest.                    Hixson, Rodbourn & Co."

The plaintiff is the wife of Amos S. Hixson, who was one of the co-partners of said firm, who made and delivered the note in question to the plaintiff.  He resides at Fresno, Cal.  The indebtedness out of which said cause of action arose was the loan, of the sum set forth in said note, to the co-partnership of J. F. Hixson & Co., composed of J. F. Hixson, Joseph Rodbourn, the defendant's intestate, and one George J. Pumpelly.  J. F. Hixson was the father of Amos S. Hixson.  On the dissolution of the firm of J. F. Hixson & Co., the firm of Hixson, Rodbourn & Co. was formed, and received the assets and assumed the indebtedness of the said J. F. Hixson & Co., and the note in question was given for so much of said firm's indebtedness to plaintiff.  Joseph Rodbourn having died, the co-partnership of Hixson, Rodbourn & Co. was dissolved, and Amos S. Hixson became the surviving member of said new firm. Various payments of interest have been made and indorsed upon said note, and the amounts thereof are conceded to have been paid, except the last indorsement, alleged to have been made April 30, 1892,—an alleged payment of $25.  This sum was paid by Amos S. Hixson to his wife, and the amount of said payment was indorsed on said note by the plaintiff.

The only question in this case arises on the testimony of Amos S. Hixson, taken under a commission and used in evidence on the part of the plaintiff on the trial of said action.  This witness was permitted to testify to certain personal transactions with defendant's intestate in relation to the payment of April 30, 1892, indorsed upon said note.  The witness deposes and claims that while he was at Van Ettenville, N. Y., he collected certain sums of money belonging to said firm, and that under the instructions and with the acquiescence of the defendant's intestate he took $25 of the sum so collected and paid it to the plaintiff upon said note, and that amount was indorsed and applied by her as a payment thereon. Without this payment and indorsement, concededly, the note in question would have been barred.  The defendant pleaded the statute of limitations, and thus raised the question upon the trial that the witness Hixson was disqualified from testifying to a personal transaction with his now deceased partner—First, in stating how the cause of action arose in favor of the plaintiff; and, second, in testifying to personal transactions with reference to said indebtedness and the last payment of interest thereon.  It is claimed by the plaintiff that the evidence is competent under section 829 of the Code of Civil Procedure:  First, because the witness was acting on behalf of the firm, and under instructions obtained from the deceased co-partner, in making said last payment; second, that the witness is not a person interested in the event of this action; third, that the witness, if in any way interested, was testifying against his interest.  From such examination as I have been able to make, I am satisfied that the witness is competent to testify on the trial

of this action. If a test be made of the interest of the witness in the event, the witness must be put in a position to either gain something by his testimony, or in some manner sustain a loss. The note was a joint promissory note, but each individual partner of said firm was personally as well as jointly liable as a maker. This action is in form against the personal representatives of Joseph Rodbourn, one of the makers of said note, and if he were living the debt could be enforced against him individually. If this proposition is sound, it is difficult to see how the surviving partner, the witness, has any interest in the event, since there is no evidence to show that there are any co-partnership assets left with which to pay said note, or against which its collection could be enforced in this action. An interest merely in the action is not enough to disqualify the witness, since that is not an interest in the event; and unless the witness shall gain or lose by the event, either directly or indirectly, he is not disqualified. Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427. The making and delivery of the promissory note in question to the plaintiff was not a transfer by Joseph Rodbourn to the maker, within the rule that an interested party is not a competent witness to testify to personal transactions against the representative by or through whom the plaintiff took her title. Comstock v. Hier, 73 N. Y. 269, 29 Am. Rep. 142; Wilcox v. Corwin, 117 N. Y. 500, 23 N. E. 165. As I understand the rule, the interest must be a present interest, the gain a present gain, the loss a present loss. It is difficult to see, therefore, in what manner, in this action, the witness can gain or lose. A judgment here will not bind him. Still it may be said that he is liable to contribute; but this liability is contingent and in another form of action, in another proceeding, and must depend upon circumstances which may defeat the remedy against him. The witness' interest in the event of the action must be certain, not probable or speculative. Eisenlord v. Clum, 126 N. Y. 552, 556, 27 N. E. 1024, 12 L. R. A. 836; Bank v. McCarty, 149 N. Y. 71, 84, 43 N. E. 427. The witness has no interest in the event of this action as husband. The claim belongs to his wife. Neither the agent nor the husband can be said to be interested parties. Savercool v. Wilsey, 5 App. Div. 562, 39 N. Y. Supp. 413; Nearpass v. Gilman, 104 N. Y. 506, 10 N. E. 894; Clark v. McNeal, 114 N. Y. 287, 21 N. E. 405, 11 Am. St. Rep. 638; Whitman v. Foley, 125 N. Y. 651, 26 N. E. 725; Porter v. Dunn, 131 N. Y. 314, 30 N. E. 122. Assuming, for the sake of the argument, that the witness Hixson is an interested party, it is clear that he was testifying against his own interest. The only manner in which this action can be maintained is by the payment or application of the $25 on said note; otherwise the note would be barred by the statute of limitations. By an amendment of the Code of Procedure carried into section 829 of the Code of Civil Procedure, the witness must not only be interested in the event, but he must be testifying in his own behalf or interest, not against his interest. Carpenter v. Soule, 88 N. Y. 251, 42 Am. Rep. 248; Wilcox v. Corwin, 117 N. Y. 500, 23 N. E. 165; Bank v. McCarty, 149 N. Y. 71, 43 N. E. 427; In re Potter's Will, 161 N. Y. 84, 55 N. E. 387. Several of the facts

sought to be excluded by section 829 and testified to on the trial are either admitted in the defendant's answer, or were testified to without any objection on the part of the defendant. Those material facts are personal transactions with the defendant's intestate, and remain in the case notwithstanding the objections taken to the particular evidence complained of. Some portion of the witness' deposition might have been excluded under proper objections, if they had been made at the time the testimony was taken, or even after the commission and deposition had been filed. That class of evidence could have been stricken out or corrected on motion by the defendant before the trial. This certainly is what ought to have been done as to the form of the questions asked, and the conclusions of the witness. Vilmar v. Schall, 61 N. Y. 564; Reynolds v. Reynolds, 20 Misc. Rep. 254, 45 N. Y. Supp. 338; Michaelis v. Campania Metalurgica Mexicana, 51 App. Div. 470, 64 N. Y. Supp. 753.

Judgment is ordered for the plaintiff against the defendant for the amount claimed in the complaint, with interest thereon, together with the costs of this action.