LEO KALMAN, Appellant, v. HENRY REUBEL and JOHANNA KRODER, as Executors, etc., of JOHN KRODER, Deceased, Respondents.

First Department, April 9, 1920.

**Executors and administrators — action to recover purchase price of stocks sold to testator — burden of showing non-payment — agreement that stock was to be paid for before delivery — stock found in decedent's safe deposit box after death — evidence — Code Civil Procedure, section 829 — transactions with testator.**

Where in an action to recover the purchase price of stocks sold to the defendants' testator the written contract of sale provided that the stock was to be delivered as soon as it was paid for in cash and after the testator's death the certificates of stock were found in his safe deposit box duly issued to him, the burden is upon the plaintiff alleging the testator's failure to make full payment to establish the fact.

In such action it is error to exclude the testimony of a person, who at the time of the sale to the testator was a stockholder in the corporation and who signed the certificates of stock issued in the name of the testator and

delivered them to the plaintiff's assignor, respecting the circumstances under which the certificates were issued and whether the corporation received any consideration therefor, where in fact the witness had ceased to be a stockholder before the trial.

Such testimony was not incompetent under section 829 of the Code of Civil Procedure as the witness having sold his stock was no longer financially interested in the corporation nor did the fact that at the time of the transaction he was special representative of the plaintiff in financial transactions render his testimony incompetent under said section.

So too, said witness was entitled to testify to conversations with the testator for the purpose of showing that he admitted that he had not paid for the stock.

APPEAL by the plaintiff, Leo Kalman, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 27th day of May, 1919, upon the dismissal of the complaint by direction of the court at the close of the plaintiff's case.

*Walter Jeffreys Carlin*, for the appellant.

*Eugene D. Boyer* of counsel [*Charles Strauss* with him on the brief; *Strauss, Reich & Boyer*, attorneys], for the respondents.

LAUGHLIN, J.:

The action is brought to recover $4,000 on a claim assigned to the plaintiff by the Pensacola Fertilizer and Oil Company and one Munger, its fiscal agent, for the purchase price of capital stock sold and delivered to one Kroder, whose estate the defendants represent, and for $5,000, being the purchase price of Interocean Marine and Navigation Company capital stock sold and delivered to Kroder by the plaintiff. The answer puts in issue the allegations of the complaint with respect to the sale and delivery of the stock and the failure of the decedent to pay therefor.

It was conceded on the trial that the certificates of stock for which recovery is sought were found in the safe deposit box of decedent after his death and they were produced by his executors and put in evidence by the plaintiff. The decedent died on the 28th of September, 1918. The certificate for the stock in the Pensacola Company was issued in the name of the decedent on the 23d day of October, 1917, and

the certificate for the stock of the Interocean Company was issued in his name on the 22d of October, 1917. The agreement under which the decedent purchased the stock of the Pensacola Company was in writing and it was put in evidence by the plaintiff. It was dated the 18th of September, 1917, and the decedent thereby agreed to purchase 500 shares at $10 per share, which was its par value. He paid $1,000 on the purchase price at the time the contract was made and agreed to pay the balance "about January, 1918." The contract provided that the stock was to be delivered as soon as it was paid for in cash. Plaintiff proved the assignment of the contract to him for the purchase of the stock. The stock having been issued to the decedent and having been in his possession at the time of his death, plaintiff, I think, in view of the provisions of the contract by which the decedent was not to receive it until it was paid for, had the burden of showing that it had not been paid for. He called one Miller, who was a stockholder in both companies at the time of the transactions in question and the president of the Pensacola Company, but ceased to be a stockholder in both in March, 1918, before the trial. He testified that he signed the certificate of stock in the Pensacola Company issued in the name of the decedent and delivered it to the plaintiff. He was then asked what consideration the company received for the certificate when it was issued and from whom it received the consideration. The question was objected to as incompetent, immaterial and irrelevant and calling for a conclusion and an attempt to vary the terms of the contract. The objection was sustained and plaintiff excepted. He was then asked the circumstances under which the certificate was issued and this was excluded under like objection and an exception was taken to the ruling. He testified that he was familiar with the affairs of the company at that time. He was then asked whether Kroder ever gave the company any consideration for the certificate. That was excluded under like objection and an exception was taken to the ruling. The witness was then shown the certificate of stock in the Interocean Company, which he had also signed when it was issued, and he testified that he delivered it to the plaintiff. He further testified that he was familiar with the affairs of the company at that time and prior thereto and

that the decedent never paid any cash to the company for the stock. He then testified that he was present at a luncheon in the latter part of September, 1917, and that the plaintiff and the decedent were present. He was asked to state the conversation between the plaintiff and the decedent at that time with respect to these certificates of stock and he testified that plaintiff informed decedent that he expected to go abroad any day and that he would deputize the witness to collect from decedent the payment for the stock. The witness was then asked whether plaintiff in the presence of decedent ever requested the witness to collect the $9,000 from decedent on account of the purchase price of the stock. This was objected to as incompetent, irrelevant and immaterial and inadmissible under section 829 of the Code of Civil Procedure and the objection was sustained and plaintiff excepted. The witness had already stated that plaintiff and he were financing the two companies but he qualified this by saying that the plaintiff was the financial backer of both corporations and he was the plaintiff's special representative in all financial transactions. The evidence thus offered was clearly competent. The witness having sold his stock in both companies was no longer financially interested in either; and the fact that he was at the time of the transactions the special representative of the plaintiff in all financial transactions did not render his testimony incompetent under section 829. (*Gilbert* v. *Manchester Iron Mfg. Co.*, 11 Wend. 627; *Keller* v. *West, Bradley & Cary Mfg. Co.*, 39 Hun, 348. See, also, *Abbott* v. *Doughan*, 204 N. Y. 223; *Ketchum* v. *Holden*, 88 Hun, 482; *Warth* v. *Kastriner*, 114 App. Div. 766; *McCarthy* v. *Stanley*, 151 id. 358; *Nearpass* v. *Gilman*, 104 N. Y. 506; *Whitman* v. *Foley*, 125 id. 657; *Savercool* v. *Wilsey*, 5 App. Div. 562.) The question excluded was general and indefinite as to the time, but no objection was made thereto on that ground. If the witness had been permitted to answer, his testimony might have shown that he was requested to collect this money after the stock had been delivered to the decedent and that the decedent did not claim that it had been paid for. The witness further testified that in the month of December, 1917, which was after the stock had been issued, he had a conversation with the decedent at Aronsberger's restaurant. He was asked to state the con-

versation. The question was objected to as incompetent, immaterial and irrelevant and on the ground that the witness was not competent to testify under section 829 of the Code of Civil Procedure. The objection was sustained and plaintiff excepted. This ruling was clearly erroneous. The witness was competent to testify and it was competent and material evidence for it might have been shown thereby that decedent admitted that he had not paid for the stock.

It follows that the judgment should be reversed and a new trial granted with costs to appellant to abide the event.

Clarke, P. J., Dowling and Merrell, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.