JULIUS FRIEDRICH, Plaintiff, and JULIUS FRIEDRICH Co., INC., Appellant, *v.* ARTHUR L. MARTIN et al., as Administrators with the Will Annexed of the Estate of OLIVER COSTICH, Deceased, Respondents, et al., Defendants.

Argued May 21, 1945; decided October 11, 1945.

*James E. Cuff* and *J. Eugene Goddard* for appellant. I. Defendants-respondents are estopped from now taking the position that the individual plaintiff and not the corporate plaintiff is the owner of the claim, if any. (*Assets Realization Co.* v. *Roth,* 226 N. Y. 370; *Schoellkopf* v. *Coatsworth,* 166 N. Y. 77; *Houghton* v. *Thomas,* 220 App. Div. 415; *Horn* v. *Bennett,* 253 App. Div. 630; *Dodds* v. *McColgan,* 222 App. Div. 126; *Chauvet* v. *Ives,* 104 App. Div. 303; *Credit Alliance Corp.* v. *Sheridan Theatre Co., Inc.,* 210 App. Div. 599; *McDonald* v. *Ruggiero,* 144 App. Div. 230; *Wagner* v. *Garin,* 155 App. Div. 727; *Allen* v. *Clark,* 66 Hun 628, 141 N. Y. 584; *Dawley* v. *Brown,* 79 N. Y. 390; *Sears, Roebuck & Co.* v. *9 Ave.-31 St. Corp.,* 274 N. Y. 388.) II. This action was tried upon the theory that

the plaintiff corporation (and not the individual plaintiff) made a contract with one of the defendants and the Appellate Division cannot adopt a new theory for the parties, nor can the respondents abandon upon appeal the theory upon which the action had been tried. (*Matter of Whitman,* 225 N. Y. 1; *Racine* v. *Morris,* 201 N. Y. 240; *Phelps-Stokes Estates* v. *Nixon,* 222 N. Y. 93; *Caponigri* v. *Altieri,* 165 N. Y. 255; *Serviss* v. *McDonnell,* 107 N. Y. 260; *Klein-Messner Co., Inc.,* v. *Fair Waist & D. Co., Inc.,* 217 App. Div. 647; *Canaday Cooler Co., Inc.,* v. *Staten Island S. Co.,* 234 App. Div. 451; *Feneran* v. *Singer Mfg. Co.,* 20 App. Div. 574; *Bigelow* v. *Woolverton,* 144 App. Div. 176.) III. The submission to the jury was made on a charge that the plaintiff corporation was the true party in interest, and since this was not objected to by the respondents, it became " the law of the case." (*Hayes* v. *City of New York,* 267 App. Div. 535; *Wangner* v. *Grimm,* 169 N. Y. 421; *Sherman* v. *Mason & Hanger Co.,* 147 N. Y. S. 609; *Sears, Roebuck & Co.* v. *9 Ave.-31 St. Corp.,* 274 N. Y. 388.) IV. The defense that the plaintiff corporation was not the real party in interest was not pleaded and therefore is not available to the respondents. (*Bleakley Transportation Co.* v. *Tomkins Cove Stone Co.,* 224 App. Div. 706; *Smith* v. *Hall,* 67 N. Y. 48; *Straight* v. *Shaw,* 56 Misc. 426; *Shear* v. *Healy,* 208 App. Div. 269; *Feinberg* v. *Allen,* 143 App. Div. 866, 208 N. Y. 215; Civ. Prac. Act, § 274; *Salmon* v. *Rochester & Lake Ontario Water Co.,* 120 Misc. 131; *Dodds* v. *McColgan,* 222 App. Div. 126.) V. The cause of action belonged to the plaintiff corporation and not to the individual plaintiff. (*Billings* v. *Shaw,* 209 N. Y. 265; *People ex rel. Manice* v. *Powell,* 201 N. Y. 194; *Holmes* v. *Willard,* 125 N. Y. 75; *N. Y. Trust Co.* v. *American Realty Co.,* 244 N. Y. 209; *Bain* v. *Brown,* 56 N. Y. 285; *American Union Line* v. *Oriental Nav. Corp.,* 239 N. Y. 207; *Rapid T. Subway Constr. Co.* v. *City of N. Y.,* 259 N. Y. 472; *Lowendahl* v. *Baltimore & Ohio R. R. Co.,* 247 App. Div. 144; *N. Y. Trust Co.* v. *American Realty Co.,* 244 N. Y. 209.) VI. The witness Julius Friedrich having transferred his stock, and having discontinued his action against the defendant, was competent to testify on behalf of the remaining plaintiff, the Friedrich corporation. VII. The assignor, sought to be barred by section 347 of the Civil Practice Act, is one who has assigned

the claim which is the subject matter of the suit. (*Harrington* v. *Schiller*, 231 N. Y. 278; *Lyon* v. *Snyder*, 61 Barb. 172; *Abbott* v. *Doughan*, 138 App. Div. 608, 204 N. Y. 223; *Crosby* v. *Nichols*, 16 N. Y. Super. Ct. 450; *Wilson* v. *Low*, 44 Hun 626, 112 N. Y. 536; *Rank* v. *Grote*, 110 N. Y. 12; *Howe* v. *Bell*, 143 N. Y. 190; *Squire* v. *Greene*, 38 App. Div. 431.) . VIII. The assignor is barred only when he is testifying on behalf of a party to the action who has succeeded to his title or interest, in the subject matter of the action. (*Hungerford* v. *Snow*, 129 App. Div. 816; *Whitehead* v. *Smith*, 81 N. Y. 151; *Bank of Utica* v. *Smalley*, 2 Cow. 770; *Stall* v. *Catskill Bank*, 18 Wend. 466; *Gilbert* v. *Manchester Iron Manufacturing Co.*, 11 Wend. 627; *Utica Ins. Co.* v. *Cadwell*, 3 Wend. 296; *Mott* v. *Small*, 20 Wend. 212; *Kalman* v. *Reubel*, 191 App. Div. 402.) IX. A cause of action was made out against the Oliver Costich estate. (*Quaid* v. *Ratkowsky*, 183 App. Div. 428; *Monica Realty Corporation* v. *Bleecker*, 229 App. Div. 184; *Floral Park Lawns, Inc.*, v. *O'Connell*, 250 App. Div. 464.) X. Respondents claim that appellant by failing to disclose all the parties and interest, as set forth by section 19 of the contract, made the contract void as against public policy because of collusion or fraud on the State in misrepresenting the true parties and interest. There is here no basis, pretense or testimony that there was collusion with public officers in connection with this contract or that there was any attempt to restrain, suppress or stifle competition. (*Rosasco Creameries, Inc.*, v. *Cohen*, 276 N. Y. 274.) XI. Defenses similar to the instant defense have been stricken out. (*Bradford* v. *Durkee Marine Products Corp.*, 180 Misc. 1049; *Rosasco Creameries, Inc.*, v. *Cohen*, 276 N. Y. 274; *Sajor* v. *Ampol, Inc.*, 275 N. Y. 125; *Fosdick* v. *Investors Syndicate*, 266 N. Y. 130; *New Howard Mfg. Co., Inc.*, v. *Cohen*, 207 App. Div. 588.)

*Ira H. Morris* for respondents. I. The doctrine of estoppel is not involved as appellant had to prove a prima facie case regardless of respondents' position which it did not do. II. The trial court erred in permitting Julius Friedrich to testify in behalf of the corporation to personal transactions or communications between himself and the decedent. (Civ. Prac. Act, § 347; *Abbott* v. *Doughan*, 204 N. Y. 223; *O'Brien* v. *Weiler*,

140 N. Y. 281.) III. A nonsuit should have been granted and the complaint dismissed as to the decedent at the end of the plaintiff's case. IV. The trial court erred in granting to the individual plaintiff a dismissal of the complaint on the merits. (*Wagner Trading Co.* v. *Radillo,* 205 App. Div. 833; *Molloy* v. *Whitehall Portland Cement Co.,* 116 App. Div. 839; *Koewing* v. *Thalmann,* 139 App. Div. 893; *Schnerb* v. *Caterpillar Tractor Co.,* 24 F. 2d 377.) V. The trial court erred in ruling that Julius Friedrich was qualified to testify as a witness for Julius Friedrich Co., Inc. VI. The contract would be void as against public policy.

DESMOND, J. Plaintiff Julius Friedrich was a building contractor who owned practically all the stock of the corporate plaintiff Julius Friedrich Co., Inc., and carried on some of his building business through that corporation. Oliver Costich (respondents' intestate), a friend of Friedrich, was another builder who controlled and used several corporations, among them the nonappealing defendant, Roach-Thompson Co., Inc. This action was brought by Friedrich and his corporation against Costich and his corporation because of an alleged breach of contract. Costich died before trial and his administrators were substituted. The complaint alleged that defendants employed plaintiff Julius Friedrich to perform services for defendants by way of obtaining and performing a certain road-building contract with the State of New York. Friedrich, according to the complaint, agreed to, and did " secure a person or corporation to submit a bid " on behalf of defendants, and agreed to, and did, supervise the performance of the contract. For all this, according to the complaint, defendants promised to pay Friedrich half of the profits, including one half of any amounts charged to the job by defendants for equipment and materials furnished by them. The bid was made to the State, and the contract with the State signed, by the corporate plaintiff. The complaint goes on to say that, after the work was done, an accounting was had between plaintiffs and defendants, from which it appeared that there was due to plaintiffs from defendants about $7,400, for which judgment was demanded. (There was in the complaint a second cause of action also, on quantum meruit, but that count did not go to the jury.) We

note, as did the Appellate Division, that, strictly construed, the complaint alleges an agreement by, and a promise to, Julius Friedrich individually, not to his corporation, whereas the case was finally submitted by the Trial Justice to the jury, after Julius Friedrich, individually, had submitted to a dismissal as to him, on the theory of an alleged breach of a promise made by defendants to the corporate plaintiff. However, since defendants at the trial did not object to this variance and did not object to the theory on which the court sent the case to the jury, we hold that no error resulted. The Trial Justice during the trial had dismissed the complaint as against the corporate defendant, so the case went to the jury as a simple issue of breach of contract as between the corporate plaintiff and Costich's administrators. The verdict was for plaintiff, in the amount of about $6,600.

The Appellate Division by a divided court, reversed on the facts and the law and dismissed the complaint. The majority of that court ruled that no contract with the corporate plaintiff had been pleaded or established. We have discussed above the matter of pleading. As to proof, we find it sufficiently established that the engagement was made by Costich with appellant Julius Friedrich Co., Inc. It seems that Costich, for reasons of his own, considered it most important that he have control of that particular contract, but, for similar reasons, thought it inadvisable to make the bid or take the contract in his own name or in the name of one of his companies. Therefore, as Friedrich testified and the jury apparently found, Costich, procuring Friedrich to put in the bid (in his corporation's name) and to do the job, promised to divide the profits equally. As it turned out, Costich, as the jury found on sufficient evidence, got hold of the proceeds and refused to settle with Friedrich. The dealings between Costich and Friedrich were oral and informal and no precise stipulation was made between them that Costich's promisee was to be the Friedrich corporation, and not Julius Friedrich. However, the bid to the State was made by the Friedrich corporation, the State's contract was awarded to and signed by that corporation, and the Friedrich corporation borrowed the necessary funds from a bank with Costich's knowledge and, on occasion, with his help. While the preliminary exchanges were between the

two individuals, the enterprise, from its beginning, was carried on in the name of Friedrich's corporation. Thompson, one of defendants' witnesses, testified on behalf of Costich that he (Thompson) agreed with Friedrich that one half the profits were to go to " The Julius Friedrich Company ". We see no reason why the jury could not come to the conclusion that the party aggrieved by Costich's refusal to perform was appellant Julius Friedrich Co., Inc. Indeed, it is at least doubtful whether Julius Friedrich could use his corporation's name in such a transaction and then take the avails to himself individually. We note, too, although we do not have to apply a " res judicata " or " estoppel " label, that when Julius Friedrich, individually, brought an earlier action against Costich and his corporation on the same claim, Friedrich's individual complaint was dismissed on Costich's motion and judgment entered against Friedrich, on the ground that the claim, if any, was the property of his corporation.

The Appellate Division ruled also that error was committed, and section 347 of the Civil Practice Act violated, on the trial, when Julius Friedrich was permitted to testify as to his dealings with Costich, who, as above noted, had died before the trial. When Friedrich presented himself as a witness, on behalf of his corporation, his testimony was ruled incompetent under the statute, as being an attempt by a person " interested in the event" to give evidence as to transactions with a decedent, in a suit against that decedent's estate. A recess was taken, after which Friedrich returned to the witness stand and testified that he had meanwhile sold his stock in plaintiff Julius Friedrich Co., Inc., to his sister-in-law, taking her note in payment, and that he was no longer an officer or director of the corporation. The Trial Justice then allowed Friedrich to testify, holding that he was no longer " interested in the event ". Although there is no decision in this court on the precise question, we find the other courts of this State and the writers in substantial agreement that such a transfer of stock, even during the trial, is effective to remove the disqualifications. " When it was proved that the witness had transferred all his stock, he was then devoid of any interest in the event of the suit, which is the point of inquiry when a witness is presented * * *." (*Gilbert* v. *Manchester Iron Manufacturing Co.*, 11

Wend. 627, 628; see *Stall* v. *Catskill Bank,* 18 Wend. 466, 473; *Bank of Utica* v. *Smalley,* 2 Cow. 770; *Kalman* v. *Reubel,* 191 App. Div. 402, 405; Greenfield, Testimony under Civil Practice Act, § 347, p. 132; 1 Greenleaf on Evidence [16th ed.], p. 915; see, also, the historical survey of the law as to competency of a stockholder's testimony in *Griggs* v. *Renault Selling Branch, Inc.,* 179 App. Div. 845, 849). The statute does not ban the testimony of one who has assigned his claim or interest unless, as the statute puts it, he is a " person from, through or under whom such a party or interested person derives his interest or title by assignment or otherwise " (see *Harrington* v. *Schiller,* 231 N. Y. 278; Greenfield's Testimony, etc., *supra,* at pp. 133–5). It was right, therefore, to let Friedrich, after he had parted with title to the stock, testify on behalf of his corporation which had taken nothing from him by assignment or otherwise.

The majority of the Appellate Division thought, however, that Julius Friedrich, even after disposing of his stock, was still " interested in the event " because it appeared from the proof that if the corporation should lose the suit, Friedrich might be called upon to repay to the corporation the salary it had paid him while the road was being built. But such an " interest " does not disqualify. " The true test of the interest of a witness is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action. It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent. (1 Greenleaf on Evidence, section 390.)." (*Talbot* v. *Laubheim,* 188 N. Y. 421, 426, see *Nearpass* v. *Gilman,* 104 N. Y. 506; *Franklin* v. *Kidd,* 219 N. Y. 409.)

We note, also, as did the dissenting Justices in the Appellate Division, that respondents did not put in issue the *bona fides* of Friedrich's transfer of his stock. We do not know whether such an attack is possible but, since we are ordering a new trial, we mention that in our opinion, such an issue, if presented, will be for the jury to decide.

Defendants urged as a defense to the suit that the situation disclosed by the record — that is, a contract with the State taken in the name of a corporation which is in fact acting for an undisclosed principal — so far offends against public policy as to

put the parties out of court. We hold that the defense was not established on this record.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, THACHER and DYE, JJ., concur; LEHMAN, Ch. J., deceased.

Judgments reversed, etc.