■ In the Matter of the Estate of DOROTHY RUTHERFORD, Deceased. MAXINE HOLMES, Respondent; JOSEPH ALLEYNE, Appellant.—In a reverse discovery proceeding to compel the appellant as administrator of the decedent's estate, to turn over certain personal property of the decedent to the petitioner, the appeal is from an order of the Surrogate's Court, Queens County (Laurino, S.), dated April 2, 1986, which, after a nonjury trial, granted the relief sought.

Ordered that the order is affirmed, with costs payable by the appellant personally.

The petitioner brought this proceeding before the Surrogate seeking the turnover of an automobile that had been seized by the appellant in his capacity as administrator of the decedent Dorothy Rutherford's estate. The petitioner claimed that she was entitled to possession and ownership of the car because the decedent had made a gift of it to her prior to her death. The appellant administrator had caused the car to be seized from the petitioner's parking space on May 16, 1984. One month later, the petitioner initiated this proceeding.

After taking testimony, the Surrogate ruled in favor of the petitioner. We affirm. That decision, which rested solely upon a resolution of the credibility of the parties, was supported by a fair interpretation of the evidence and should not be overturned on appeal *(see, Feeney v Booth Mem. Med. Center,* 109 AD2d 865). The testimony of Viola Graves, a disinterested witness *(see, Friedrich v Martin,* 294 NY 588), established that the decedent had desired to give the car to the petitioner on occasions prior to the actual making of the gift because of her fear of driving it. Moreover, the fact that the decedent had been driven by her husband for years prior to his death supported Viola Graves' testimony that the decedent feared to drive the car and therefore desired to give it to the petitioner. Furthermore, Mrs. Graves testified that the decedent had handed the keys to the petitioner and had told her not only that the ownership papers were available to her but that she wanted the petitioner to take the car home, all of which amply demonstrates the decedent's intent to make a gift of the car to the petitioner.

On the argument of this appeal, the counsel for the petitioner requested this court to fashion a remedy which would compensate the petitioner for the denial of the use of the car

since its seizure by the respondent some 40 months ago. We know of no authority which would enable us to grant the requested relief. We note that the petitioner could have gained possession of the car at any time following entry of the order of the Surrogate, since there was no stay of that order in effect, by simply seeking to execute upon it *(see,* SCPA 601, 605; CPLR art 52). Moreover, the request for a rental sum to compensate her for the loss of use of the car prior to the hearing in the Surrogate's Court cannot be granted on this appeal because the petitioner did not cross-appeal from so much of the Surrogate's order as failed to grant her monetary damages.

We have considered the appellant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.