◼ FRANCES A. STAY, Doing Business as RENT A WRECK OF SCHENECTADY, Appellant, v MARIE G. HORVATH et al., as Coexecutors of MAVOR E. STURGES, SR., Deceased, Respondents.—Yesawich Jr., J. Appeals (1) from an order of the

Supreme Court (Brown, J.) in favor of defendants, entered January 14, 1991 in Saratoga County, upon a dismissal of the complaint at the close of plaintiff's case, and (2) from the judgment entered thereon.

Plaintiff, the owner of an automobile rental business licensed as a "Rent-A-Wreck" franchise, entered into a two-year lease with Mavor E. Sturges, Sr., defendants' decedent, for the possession of premises owned by Sturges. During the term of the lease the relationship between plaintiff and Sturges deteriorated and plaintiff commenced suit against Sturges to recover damages sustained because of Sturges' assertedly tortious conduct. Causes of action for malicious prosecution, defamation, prima facie tort, trespass and conversion were alleged.

Plaintiff, who was 19 years of age and a full-time nurses' aide when she entered into the lease, attempted to prove that Sturges, who had died prior to the trial, had employed illegal and tortious means to force her to quit the premises. To establish her case, she called Frances Stay (hereinafter Stay), her father and the general manager of her franchise, and Richard Morrell, a judgment creditor of hers and the owner of the franchise, to testify. Supreme Court, applying the Dead Man's Statute (CPLR 4519), ruled that they were incompetent to testify, and at the conclusion of plaintiff's case granted defendants' motion to dismiss the complaint in its entirety. As the proper standard for dismissal at the close of plaintiff's case is "whether there was any rational basis on which a jury could have found for plaintiff[], the plaintiff[] being entitled to every favorable inference which could reasonably be drawn from the evidence submitted by [her]" *(Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202), we reverse and remit for a new trial on plaintiff's causes of action for defamation, trespass and conversion.*

Disposition of this appeal turns partly on the propriety of Supreme Court's finding that both Stay and Morrell are interested witnesses within the meaning of CPLR 4519 and, hence, incompetent to testify. With respect to Stay, it suffices to note that counsel consented to Supreme Court's ruling that he indeed was such an interested person, and hence the issue of his disqualification has not been preserved for our review.

The Dead Man's Statute does not, however, foreclose Mor-

---

* Despite Stay's intimate involvement in the operation of the business, as the record does not indicate his current financial interest or responsibility in its continued operation and plaintiff, not her father, is named on the lease, plaintiff is a proper party to this action.

rell from testifying. We note initially that the party claiming that a witness is a person "interested in the event" (CPLR 4519) carries the burden of proving that the witness's testimony is subject to this statutory exclusion *(Harrington v Schiller,* 231 NY 278, 286; *Franklin v Kidd,* 219 NY 409, 413-414; *Matter of Mead,* 129 AD2d 1008, *lv denied* 70 NY2d 609). While it is uncontroverted that Morrell has a judgment against plaintiff which she was paying at the time of the trial, the status of this financial interest, if and how it will be affected by the outcome of this litigation, and whether the record will be legal evidence for or against Morrell in some other action are all unclear *(see, Friedrich v Martin,* 294 NY 588, 595). In fact, Morrell may have no interest in the event at all if plaintiff has sufficient other assets against which Morrell's judgment may be executed.

Nor are we convinced that Morrell is disqualified as a "person from, through or under whom" (CPLR 4519) plaintiff derived her interest in the event. This action does not concern title to or interest in a license to plaintiff from Morrell to operate a Rent-A-Wreck franchise, but rather Sturges' alleged misconduct and its effect on plaintiff's business *(see, Abbott v Doughan,* 204 NY 223, 226-227). Inasmuch as defendants have not proved that Morrell's interest is " 'present, certain, and vested' " as opposed to " 'uncertain, remote or contingent' " *(Friedrich v Martin, supra,* at 595), it was error to exclude his testimony as to any transaction or communication with Sturges *(see, Croker v New York Trust Co.,* 245 NY 17, 22).

To assess the effect this determination has on Supreme Court's decision to dismiss the complaint, it is necessary to examine the specific causes of action asserted on plaintiff's behalf as summarized by her counsel in response to defendants' motion to dismiss. First, the court properly dismissed the malicious prosecution claim. It is alleged that Sturges knowingly and maliciously caused plaintiff's arrest for the issuance of a bad check several months after plaintiff had in fact replaced it with a valid one. That criminal action, however, was terminated by the District Attorney's withdrawal of the charges and therefore fails to satisfy plaintiff's burden of proving that "the court passed on the merits of the charge * * * or * * * that the proceedings were terminated * * * at the instance of the defendant under circumstances which fairly imply the plaintiff's innocence" *(Nappi v Kappeler,* 118 Misc 2d 638, 639-640; *see, Hollender v Trump Vil. Coop.,* 58 NY2d 420, 425, 426).

As to the claim for defamation, for which insufficient proof

was provided at trial, it is here that the harm of excluding Morrell's testimony regarding his communications with Sturges is apparent. Based on the alleged content of telephone conversations between Morrell and Sturges and the effect of those communications on Morrell's subsequent decision to revoke plaintiff's franchise license and to commence action against her, there is a significant probability that, had Morrell's testimony been heard, the elements of defamatory language concerning plaintiff, published by Sturges to a third person, would have been shown and the action would not have been dismissed (see, People v Crimmins, 36 NY2d 230, 241); accordingly, reversal is in order for consideration of Morrell's testimony (cf., Matter of Lefft, 44 NY2d 915, 918; Peters v Morse, 112 AD2d 559; Matter of Mead, 129 AD2d 1008, supra). Parenthetically, we note that a showing of special damages is unnecessary to support this cause of action as the statements at issue allegedly pertain to plaintiff's business reputation and hence would constitute slander per se (see, Grimaldi v Schillaci, 106 AD2d 728, 729-730).

Third, in responding to the motion to dismiss, plaintiff denied stating an action for abuse of process, and instead asserted one apparently sounding in prima facie tort. This action was properly dismissed because the jury could not reasonably have found that Sturges acted out of "disinterested malevolence" or that plaintiff suffered special damages (see, Curiano v Suozzi, 63 NY2d 113, 117).

As for the trespass and conversion cause of action, plaintiff's evidence shows that (1) Rent-A-Wreck franchise signs were taken down, door locks on the rental premises were changed, cars and other personal property were removed from the premises, (2) Sturges had requested that plaintiff remove her property and signs had been posted on the premises to that effect, and (3) Sturges had stated that he wanted to rent to a third party. This evidence provides a rational basis for concluding that Sturges intentionally interfered with plaintiff's right of possession and intentionally, physically invaded the premises of which plaintiff was in actual possession, as evidenced by the lease, so that an action for conversion and trespass was properly established (see, Rager v McCloskey, 305 NY 75, 79; Malerba v Warren, 108 Misc 2d 785, 788, mod on other grounds 96 AD2d 529).

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as dismissed plaintiff's causes of action for defamation, trespass and conver-

sion; matter remitted to the Supreme Court for a new trial on said causes of action; and, as so modified, affirmed.