Chief Judge Desmond.
The suit was brought by Joseph Fleury, plaintiff’s intestate, to recover damages for personal injuries sustained by him in a collision of automobiles, one driven by him and the other by defendant’s wife. About 17 months after the accident Joseph Fleury died from his injuries and his wife as administratrix was substituted as plaintiff. Meanwhile, however, the injured man had testified at a hearing held by the State Motor Vehicle Bureau (Vehicle and Traffic Law, § 510) to determine whether driving licenses or car registrations should be revoked or cancelled as to any of the persons concerned in the misadventure. At the bureau’s hearing Fleury and the present defendant were both represented by counsel and both Fleury and defendant’s wife (the driver of his car) were examined and cross-examined under oath. The question now before us is as to whether, after Fleury died, his testimony at the hearing could be put into evidence by his administratrix at the trial of this personal injury suit. The two decisions by the Appellate Division, Third Department, answering that query, in the negative in this case are the only directly applicable appellate determinations in this State.
When the previous (Motor Vehicle Bureau) testimony was offered by plaintiff at the first trial of the cause, it was objected to as not meeting the specifications of section 348 of the former Civil Practice Act, then in effect and reading thus: ‘ ‘ Where a party or witness has died or become insane or, being a nonresident of this state, has departed from the state or, being a resident of the state has departed therefrom by reason of military or naval service under the state or United States, since or during the trial of an action now or hereafter pending or since or during the hearing upon the merits of a special proceeding now or hereafter pending,, the testimony of the decedent or insane person or of such absentee, or of any person who is rendered incompetent by the provisions of the last section, taken or read in evidence at the former trial or hearing, or at the same trial or hearing, either in court or before the same or a new referee, together with all exhibits and documents read in evidence in connection with, or as a part of the giving of such testimony, may be given or read in evidence at a new trial or hearing or at a continuation of the same trial or hearing either in court or before the same or a new referee, or upon any sub *337 sequent trial or hearing, either in court or before the same or a new referee, of the same subject-matter in the same or another action or special proceeding between the same parties to such former trial or hearing or their legal representatives, by either party to such new trial or hearing, or to such continuation of the same trial or hearing either in court or before the same or a new referee, or to such subsequent action or special proceeding either in court or before the same or a new referee, subject to any other legal objection to the competency of the witness, or to any other legal objection to his testimony or any question put to him, or to any other legal objection to such exhibits and documents. Such testimony, exhibits and documents proven by oath to have been so previously taken or read in evidence may be so given or read in evidence; or the original stenographic notes of such testimony taken by a stenographer who has since died or become incompetent may be so read in evidence by any person whose competency to read the same accurately is established to the satisfaction of the court or officer presiding at the trial of such action or special proceeding.” (With slight changes which need not be discussed former Civ. Prac. Act, § 348 has since become CPLR 4517.)
At the first trial the court took the testimony and plaintiff had a verdict and a judgment but the Appellate Division (11 A D 2d 588) reversed and ordered a new trial, holding that the failure to meet the requirements of the Civil Practice Act forbade reception of this proof. At the retrial the same testimony was offered again and this time excluded with the result, since plaintiff had no other witnesses, that the complaint was dismissed for insufficiency of proof. The Appellate Division affirmed that dismissal and we granted leave to appeal to this court.
If section 348 of the former Civil Practice Act were the whole of the law as to the receipt of prior testimony of one who has since died, the decisions below would necessarily be correct. However, there is much in justice, in history (see Mattox v. United States, 156 U. S. 237, 240 et seq.) and in the precedents to lead us to the conclusion that the common law on the point is still applicable and that it authorizes the receipt of this earlier-taken testimony, now that Fleury is dead. There are many references in the New York cases to survival of the com *338 mon law as to the use after a witness’ death of his previous testimony (Varnum v. Hart, 47 Hun 18; Bradley v. Mirick, 91 N, Y. 293, 296; Cohen v. Long Is. R. R, Co., 154 App. Div, 603; Taft v. Little, 178 N, Y, 127,132; Matter of Hill v. Ancram Paper Mills, 202 App. Div, 36, 39). Our own recent decision in Matter of White (2 N Y 2d 309, 313), noting that there was no statute at all until the passage in 1879 of section 830 of the Code of Civil Procedure, cited as being still current the common-law holdings in Shaw v. New York El. R. R. Co. (187 N. Y. 186), Jackson ex dem. Potter & Calvin v. Bailey (2 Johns. 17), and Jackson ex dem. Bates v. Lawson (15 Johns, 539), It is not unprecedented that the common law and the statute should continue to exist side by side (see Matter of Sullivan Co., 289 N, Y. 110,115; Transit Comm. v. Long Is. R. R., 253 N. Y. 345, 354-355) and of such coexistence here there is little doubt, The survival of such proof was first affected by statute in 1879 (Code Civ. Pro., former § 830) but the limitation then imposed by the Legislature — that the former testimony must have been given in an earlier trial of the same case—was removed in 1899 to escape ,so narrow and technical a construction and to return to the common law (see Cohen v. Long Is. R. R. Co., 154 App. Div. 603, 606, supra). In terms the statutes, old and new, speak of testimony taken in an “ action ” or “ special proceeding ” but there is no reason to believe that the Legislature was thus excluding proofs taken judicially by bodies other than courts. New York cases before and after the statutes say or assume that testimony usable after a witness’ death may have been given in any legal proceeding and before any tribunal employing cross-examination as part of its procedure (Varnum v. Hart, 47 Hun 18, 25 [1888], supra; Deering v. Schreyer, 88 App. Div. 457, 465; Matter of Hill v. Ancram Paper Mills, 202 App. Div. 36, supra; Fisch, New York Evidence, § 936). The position now as in the past would seem to be that, while the statute authorizes the after-death use of prior testimony, it is not intended to state the precise and only circumstances under which such use is permissible (see 5 Wigmore, Evidence [3d ed.], § 1414).
Everything seems to favor a holding that such former testimony of a now deceased witness should be taken when it was given under oath, referred to the same subject-matter, and was heard in a tribunal where the other side was represented and *339 allowed to cross-examine. The 1958 report of the legislative commission which prepared the new CPLR said this: “The prior testimony exception to the hearsay rule offers the maximum guarantee of trustworthiness since the original statement was made in court, under oath and subject to cross-examination by a party who had the same motive to expose falsehood and inaccuracy as does the opponent in the trial where the testimony is sought to be used.” (2d Preliminary Report of Advisory Common Prac. and Pro. [N. Y. Legis. Doc., 1958, No. 13], p. 265.) All this is equally true when the prior hearing was before an administrative tribunal exercising judicial or quasi-judicial functions.
All the text writers agree that whether such testimony is allowed in as an exception to the hearsay rule or whether it is not really hearsay at all (see 5 Wigmore, Evidence [3d ed.], § 1370, and McCormick, Evidence, § 230) the prime and essential requirement for its use is that it related to the same subject matter as given under oath and against the same party now contesting it with the right in the latter to have counsel present and to cross-examine (see Young v. Valentine, 177 N. Y. 347, 357; People v. Gilhooley, 108 App. Div. 234, affd. 187 N. Y. 551; People v. Qualey, 210 N. Y. 202, 210, 211; Matter of White, 2 N Y 2d 309, supra; 1 Greenleaf, Evidence, § 164, cited in Young v. Valentine, supra; 5 Wigmore, Evidence [3d ed.], §§ 1362, 1365, 1387, 1403).
The objective of all rules of evidence is to prevent failure of justice by putting before the fact triers for testing and acceptance or rejection such oral and documentary proofs as carry a high probability of trustworthiness (vide the exception as to dying declarations, Mattox v. United States, 156 U. S. 237, 243, supra). Fair application of such standards calls for the admission of the testimony we are here concerned with and no binding rule of law prevents.
The judgment should be reversed, with costs to abide the event, and a new trial ordered.