Wachtler, J.
In July, 1969 the defendant James Harding, then a lieutenant in the New York City Police Department, observed Thelma Bodrick, a numbers runner, in the act of taking a bet in Brooklyn. He stopped her and threatened her with arrest unless she would divulge the name of her "banker”. She identified Leroy Massey and the defendant then took her to a phone booth and told her to call Massey. After she placed the call the defendant took the phone and told Massey that he would arrest Bodrick unless Massey paid him to release her. Massey agreed and all three met at a prearranged location where Massey paid the defendant $200.
*132 After this initial meeting Massey continued to pay the defendant for "protection” at the rate of $75 per month. This arrangement continued until February of 1970. In December of 1969 the defendant demanded a double payment "for the holidays”. Massey reluctantly made this payment but when the defendant made a similar demand in February, 1970 Massey complained to members of the Kings County District Attorney’s office. The next day Massey made his last payment to the defendant. This $75 payment was made with marked bills supplied by the investigators, and the complete transaction was recorded on equipment concealed by the authorities in Massey’s apartment. As the defendant left he was arrested and $75 in marked bills was found inside his left sleeve.
Departmental charges were filed against the defendant, and he was indicted as well for bribe receiving, grand larceny, and related offenses. Bodrick and Massey testified, and were cross-examined, at the departmental hearing but sometime prior to the trial on the indictment, Bodrick died. Nevertheless, over the defendant’s objection, her testimony from the police department hearing was read in evidence to the jury. Relying on our decision in Fleury v Edwards (14 NY2d 334) the trial court held that this evidence was admissible under the prior testimony exception to the hearsay rule. The jury found the defendant guilty of receiving unlawful gratuities (two counts), grand larceny in the third degree, promoting gambling in the second degree (two counts), official misconduct (two counts), conspiracy in the third degree (two counts), and conspiracy in the fourth degree.
The Appellate Division held that the admission of Bodrick’s testimony constituted reversible error (44 AD2d 700). There it was noted that CPL 670.10, the statute governing the use of prior testimony at criminal trials, did not provide for testimony taken at an administrative hearing.
On this appeal by the People, it is urged, as it was below, that this hearsay evidence (see Richardson, Evidence [10 ed], § 274; compare 5 Wigmore, Evidence, [3d ed], § 1370) was properly admitted under the prior testimony exception.
CPL 670.10 states:
"1. Under circumstances prescribed in this article, testimony given by a witness at (a) a trial of an accusatory instrument, or (b) a hearing upon a felony complaint conducted pursuant to section 180.60 or upon a misdemeanor charge pursuant to section 170.75, or (c) an examination of *133 such witness conditionally, conducted pursuant to article six hundred sixty, may, where otherwise admissible, be received and read into evidence at a subsequent proceeding in or relating to the action involved when at the time of such subsequent proceeding the witness is unable to attend the same by reason of death, illness or incapacity, or cannot with due diligence be found, or is outside the state or in federal custody and cannot with due diligence be brought before the court.
"2. The subsequent proceedings at which such testimony may be received in evidence consist of: (a) Any proceeding constituting a part of a criminal action based upon the charge or charges which were pending against the defendant at the time of the witness’s testimony and to which such testimony related”.
Clearly this statute only permits the use of testimony previously taken in certain, specified criminal judicial proceedings. It does not, by its terms or by fair import, authorize the use of testimony previously recorded at civil administrative hearings. The People do not dispute this, but have taken the position that the statute is not exclusive. They rely on Fleury v Edwards (supra, p 338), in which we held that the statute permitting the use of prior testimony in civil cases (Civ Prac Act, § 348; now CPLR 4517) "is not intended to state the precise and only circumstance under which such use is permissible”. In our view there are two reasons why this cannot be said of CPL 670.10.
First the language and scheme of the two statutes are significantly different. The civil statute is a lengthy, broadly drafted one which, in general terms, permits the use of former testimony "together with exhibits and documents used in evidence” at a former "trial of an action * * * or hearing upon the merits of a special proceeding * * * of the same subject matter.” In Fleury the technical point was raised that since the statute referred to "special proceedings” the Legislature intended to exclude testimony taken at a motor vehicle hearing during which "Fleury and the present defendant were both represented by counsel and both Fleury and defendant’s wife (the driver of his car) were examined and cross-examined under oath” (p 336). Noting the broad reach of the statute, we concluded "there is no reason to believe that the Legislature was thus excluding proof taken judicially by bodies other than courts” (p 338). Here, however, we are presented with a *134 statute containing three carefully worded and enumerated exceptions. The statute has been enlarged since its original enactment, but only marginally. The amendment merely authorized the use of testimony taken at a prior hearing "upon a misdemeanor charge pursuant to section 170.75” (see L 1971, ch 884, § 5). This is as far as the Legislature has gone in permitting the use of prior testimony at criminal trials. It does not demonstrate, or even suggest a general intention to carry over the rules applicable in civil trials. Thus we see no basis for concluding that the omission of any reference to administrative hearings was due to legislative oversight.
Secondly, the civil statute and CPL 670.10 are governed by different rules of construction. In criminal matters the courts must be more circumspect.
In short we agree with the Appellate Division that the trial court erred in relying on Fleury. But we do not agree that the error mandates a new trial.
Basically Bodrick’s testimony regarding the initial confrontation with the defendant, supplied little more than background material. Furthermore there were other spectators at this incident who testified at the trial so that, for the most part, Bodrick’s testimony was merely cumulative. Direct proof of the defendant’s criminal acts came from Massey and the officers who introduced the recordings of the final transaction as well as the marked bills taken from the defendant shortly thereafter. From these recordings the jury could hear the defendant demanding the monthly payment from Massey "$75, I’m not going to jack you up.” The defendant himself took the stand and admitted accepting money from Massey in January and February of 1970. However he testified that he had loaned the money initially so that Massey could renovate a bar and that the loan was being paid back in monthly installments. According to the defendant the reference to "jacking up” Massey simply meant that he was not going to use a black jack to collect his money and had nothing to do with increasing the monthly payments. On this record we have concluded that the admission of Bodrick’s testimony was harmless error.
In view of this disposition, we find it unnecessary to consider the alternate argument raised by the People for the first time on appeal, that the testimony might have been admissible at trial on the ground that it constituted a statement against penal interest.
*135 Accordingly the order of the Appellate Division is reversed and the case is remitted to the Appellate Division to consider the appeal on the facts (CPL 470.40, subd 2, par [b]).