■ SYDNEY SIEGEL, Appellant, v EVELYN WALDBAUM et al., as Administrators of the Estate of SAMUEL L. WALDBAUM, Deceased, Respondents.—In an action, inter alia, to recover damages for fraud, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered February 24, 1977, which is in favor of defendants, upon the dismissal of the complaint, at a nonjury trial. Judgment reversed, on the law, with costs, and new trial granted. This action was commenced in 1974 against a former business partner of plaintiff. In 1975, at an examination before trial conducted by the original defendant, plaintiff testified as to a 1958 conversation between himself and his partner. The original defendant died in 1976 and the present defendants, representatives of his estate, were substituted. At the trial, on defendants' objection, plaintiff was not permitted to testify as to the substance of the 1958 conversation. When defendants' objection to the admission of the deposition taken at the examination before trial was also sustained, plaintiff conceded that without it he could not make out a prima facie case. Defendants' motion for dismissal was then granted. In our opinion, although plaintiff was properly found to be incompetent to testify as to the conversation (see CPLR 4519), his deposition should have been admitted. If the original defendant had been dead when the deposition was taken, its introduction into evidence would have been barred by the Dead Man's Statute (see Percy v Huyck, 226 App Div 142). Nor does CPLR 4517, which refers to prior testimony at a "former trial", allow a deposition not read in evidence at a former trial or special proceeding to be introduced in evidence (5 Weinstein-Korn-Miller, NY Civ Prac, par 4517.25). However, the original defendant was not dead when the deposition was taken and CPLR 4517 is not the exclusive authority for the admission of prior testimony. Coexistent with the statutory rule for the admission of prior testimony is a common-law rule which provides that the prime and essential requirement for the use of former testimony is that "it was given under oath, referred to the same subject matter, and was heard in a tribunal where the other side was represented and allowed to cross-examine" (Fleury v Edwards, 14 NY2d 334, 338-339; see, also, Rice v Motley, 24 Hun 143). The rationale, if any can be said to exist, for the retention of the Dead Man's Statute after the barrier forbidding any testimony by an interested witness in litigation was dropped, is that there is no one who can confront and cross-examine a witness as to conversations with a deceased party. Here, when the testimony was given, the other party was present and, in point of fact, was the examiner. The testimony was given under oath and relates to the same subject matter. The identity-of-party requirement is satisfied. Accordingly,

the deposition should have been admitted into evidence. Martuscello, J. P., Margett, Suozzi and O'Connor, JJ., concur.