OPINION OF THE COURT
Jack Turret, J.
The question before the court is whether a "Transcript of Record of Attendance of Child” is admissible as competent evidence in a proceeding commenced because of truancy.
This decision supplements determinations made by this court on March 28, 1978 finding that the respondents who are sisters, were chronic truants after a full hearing. Thereafter, on April 18, 1978, they were in an order of fact finding and disposition, adjudged to be persons in need of supervision on the ground that they are not attending school in accord with the provisions of part 1 of article 65 of the Education Law. One respondent was placed in the custody of the Commissioner of Social Services for a period of 18 months. The other was placed on probation for a period of one year.
During the course of the hearing, petitioner submitted transcripts from the Attendance Bureau of the Board of Education. Counsel for the respondents objected to the admission of the transcripts; asserting that they were hearsay and that their admission without the production of the school officials who had recorded the absences would violate the respondents’ constitutional rights to confront and cross-examine adverse witnesses. This court overruled the objections and the transcripts were marked in evidence. The Family Court in *174 -two prior cases rendered different rulings as to such evidence. Transcripts were ruled to be admissible under section 3211 of the Education Law (Matter of John R., 79 Misc 2d 339). The court examined the reliability and trustworthiness of the attendance teacher who had prepared the transcripts and concluded that the production of the school officials, who had actually prepared the original rollbooks, would add nothing of evidentiary importance to the proceedings. In its decision the court also indicated that in all probability the teachers who had personally recorded the respondents’ absences would not be able to recall the exact dates of nonattendance at the proceedings, and that their testimony would merely be a recital of the contents of the transcripts.
Respondents rely heavily on the other Family Court case, where a Judge ruled that the transcripts of the bureau were inadmissible under the business record exception of CPLR 4518 (subd [a]). (Matter of George C., 91 Misc 2d 875.) The court reasoned that such transcripts were not the original daily records of attendance; that the rollbooks were made contemperaneous with the occurrence of the absences while the transcripts were prepared later; that the systematic and routine characteristics of business records were not present; and that the transcripts in question were prepared solely for the use in court. Thereafter, the court concluded the material lacked the objectivity, reliability, and trustworthiness of business records.
Subdivision (a) of section 744 of the Family Court Act expressly provides that only competent, material and relevant evidence may be admitted at a fact-finding hearing. Clearly, in a PINS — truancy proceeding, matters of nonattendance of the subject respondents are material and relevant. The attendance records of other students whose names may appear on the attendance rolls are not relevant or material to these proceedings. Only the competence of this transcript is questioned.
Under the shop-book rule which is commonly referred to as the business records rule, a record as made in the course of a regularly conducted business will be admissible provided it was the regular course of such business to make such an entry. The primary purpose for such an exception to the hearsay rule was to make admissible a writing or a record, without the necessity of calling as witnesses all those employees who had a part in making the entry.
The transcripts were obviously prepared for the PINS *175 proceeding and, were, in fact, a compilation of the attendance records of the respondents. The rollbook was the original document which contained the nonattendance records not only of the respondents but also those records of the classmates of the respondents. The production of the rollbook itself, however, should not be required. It is a necessary and essential document of the school. Its presence in school is required every day for normal classroom operation. A large portion of the section of the rollbook would not be pertinent and material; and the certification of the accurracy of the transcripts by the school official is sufficient to assure their reliability. The Legislature, in 1970, expanded the business records rule of CPLR 4518. CPLR 4518 (subd [c]) which is applicable to these cases before the bar provides as follows: "Other records. All records, writings and other things referred to in sections 2306 and 2307 are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, library, department or bureau of a municipal corporation or of the state, or by an employee delegated for that purpose.”
The purpose of subdivision (c) is to dispense with the production of an authenticating witness when such material is to be entered into evidence.
The report of the Judicial Conference explained the addition of CPLR 4518 (subd [c]).
"At present Rule 4518 consists of subdivision (a) which provides generally for admission in evidence of business records upon authenticating testimony, and subdivision (b) which carves an exception for the admissibility of hospital bills upon proper certification.
"A problem arises when the records specified in CPLR 2306 and 2307 are offered in evidence. These sections do not deal with admissibility but regulate the mode of compliance with a subpoena duces tecum. The materials to which these sections refer are medical records of hospitals as well as records of departments or bureaus of a municipal corporation or the state, and books, papers or other things of a library, department or bureau of a municipal corporation or of the state. It has been argued that these provisions do not authorize admission of a certified transcript or reproduction of the record involved without laying a foundation through testimony. This leads to much waste of time and effort, for plaintiffs rely upon *176 the custom that allows records such as these into evidence under the business entry exception to the hearsay rule without any preliminary showing that they are business records.
"The proposed rule change would prevent such troublesome inconvenience by providing for the admissibility of the records specified in CPLR 2306 and 2307, as prima facie evidence of the facts contained in these records, upon proper certification or written authentication. This amendment is a technical change with a remedial purpose, and, in the opinion of the Committee, not inconsistent with other evidentiary provisions of the CPLR.
"It is, of course, intended that the admissibility under this subdivision of the contents of the pertinent records would be governed by the same standards of relevancy which governs admissibility under subdivision (a).” (NY State Judicial Conference Report to the 1970 Legislature, p A42 [Jan. 2, 1970].)
Entries in rollbooks are systematic, as is the transfer of that data to other school records. The transcript which is at issue is another school record. Accurate information as to school attendance is vital; State aid is based on attendance rather than enrollment. In the scheme of our society, the public, as well as the individual has an interest in the enforcement of our education laws. The likelihood of error as to the entries is most remote. The court should not overemphasize the individual rights of children to the detriment of their need to be educated and to become useful members of society. When these respondents have reached the reasonable age of discretion provided by law they can make that decision for themselves. Until then the education laws provide for attendance at school.
The Legislature has provided in subdivision 2 of section 3211 of the Education Law that "A duly certified transcript of the record of attendance and absence of a child * * * shall be accepted as presumptive evidence of the attendance of such child in any proceeding”.
 The transcripts submitted by the petitioner satisfy the requirements of CPLR 4518, 2307, and section 3211 of the Education Law. As to any objection predicated upon the best evidence rule, the voluminous writing exception would permit the summaries to be admitted into evidence. If requested, the party against whom such evidence is offered may have access to the original writings. (Guth Realty v Gingold, 34 NY2d 440, 452.)
Counsel for the respondent contends that it is constitu *177 tionally repugnant to deprive the respondents of their rights to confrontation. Certainly, the right to confront and cross-examine adverse witnesses is a fundamental right of due process and is recognized as essential to a fair trial.
The right of confrontation, however, did not originate in the Sixth Amendment; it was common-law right having recognized exceptions. The purpose of the constitutional provision was to preserve that right but not to broaden it or wipe out the exceptions. (Salinger v United States, 272 US 542, 548.) The Sixth Amendment does not preclude the admission of dying declarations. (People v Becker, 215 NY 126; People v Mleczko, 298 NY 153.) Nor does the Sixth Amendment exclude the admission of former testimony where the witness is unavailable. (Mattox v United States, 156 US 237; Healy v Rennert, 9 NY2d 202, 208; Matter of White, 2 NY2d 309, 313; People v Harding, 37 NY2d 130, 133.)
Teachers of course are living witnesses, and available. This court believes that the requirement of their presence in the classroom and the unlikely event that they would depart from rollbook entries are sufficient reasons to excuse their appearance. No violation of constitutional rights is caused thereby.
This court agrees with Judge Dembitz in Matter of John R. (79 Misc 2d 339, supra) and finds that the transcripts offered are properly authenticated records of a bureau of a municipal corporation, i.e., the Bureau of Attendance of the Board of Education. Certification was duly executed, in one instance by the school principal and, in the other case, by the assistant principal. The production of the actual parties who had made the entries of absences is not necessary to decide these cases. Transcripts of attendance are accepted as accurate in the daily routine of intra-school activities. Transcripts of grades are usually accepted for inter-school transfer and college admission. Unless they can be used in court without the production of teachers, truants would not have to attend school. Moreover, those students who desire to learn would be penalized each time their teacher’s appearance in a truancy proceeding was required. This policy would be both impractical and wasteful and would create hardship, economic loss and impairment of the sorely pressed educational facilities available to the community.
For the reasons stated above the school attendance transcripts are admissible.