58 N.Y.2d 1040 (1983)
Joseph Loschiavo et al., Appellants,
v.
Port Authority of New York and New Jersey, Defendant, and National Airlines, Inc., Respondent.
Court of Appeals of the State of New York.
Argued February 11, 1983.
Decided March 24, 1983.
John Anthony Bonina for appellants.
Thomas E. Mehrtens and John M. Downing for respondent.
Chief Judge COOKE and Judges JASEN, JONES, WACHTLER, MEYER and SIMONS concur; Judge MEYER concurs on constraint; Judge FUCHSBERG dissents and votes to reverse in an opinion.
*1041 MEMORANDUM.
The order of the Appellate Division should be affirmed, without costs.
We agree with the majority at the Appellate Division that the trial court, in excluding the testimony offered by plaintiff, properly applied this State's current hearsay rule. Pursuant to this rule, the hearsay statement of an agent is admissible against his employer under the admissions exception to the hearsay rule only if the making of the statement is an activity within the scope of his authority (Kelly v Diesel Constr. Div. of Carl A. Morse, Inc., 35 N.Y.2d 1, 8; Spett v President Monroe Bldg. & Mfg. Corp., 19 N.Y.2d 203, 206). We decline plaintiff's invitation to change this well-settled, albeit widely criticized rule of evidence but note, in this connection, that a proposal for modification *1042 of the hearsay rule in this State is now before the Legislature (A Code of Evidence for the State of New York, rule 803, subd [b], par [4] [submitted to the 1982 session of the Legislature]).
FUCHSBERG, J. (dissenting).
I would reverse, essentially for the reasons stated by Justice LEON D. LAZER in the dissenting opinion he crafted for Justice DAVID T. GIBBONS and himself at the Appellate Division. In doing so, I also observe that the majority at the Appellate Division took the pains to note that it was constrained by the prior pronouncements of our court.
At stake is the rule rendering an agent's out-of-court statement inadmissible against his or her principal unless it is made pursuant to the latter's authorization to speak. This though the declaration contains the following indices of reliability: (1) the declaration purportedly was made on personal knowledge, (2) the declaration was made during the course of the agency or employment of the declarant and (3) the declaration was with regard to a matter within the scope of the declarant's employment. Well-nigh every other court of last resort and nearly every standard-setting body which has had occasion to evaluate the matter has now concluded, in my view soundly, that a declaration so reinforced constitutes a valid exception to the rule against hearsay (see, e.g., the authorities cited at 86 AD2d 624, at p 626).
I therefore find it troubling that, ignoring this chorus of condemnation, we defer reform of a Judge-created "widely criticized rule of evidence" to the Legislature, whenever and however that body may choose to act, in the interim dooming an incalculable number of cases to an unjust result. As Judge FULD, in words which could have been written for this case, stated for a unanimous court some 20 years ago, "The common law of evidence is constantly being refashioned by the courts of this and other jurisdictions to meet the demands of modern litigation. Exceptions to the hearsay rules are being broadened and created where necessary * * * Absent some strong public policy or a clear act of pre-emption by the Legislature, rules of evidence should be fashioned to further, not frustrate, the truth-finding function of the courts in civil cases" (Fleury v Edwards, 14 N.Y.2d 334, 341). *1043 A decade later, we again unanimously indorsed this declaration of policy (Matter of Brown v Ristich, 36 N.Y.2d 183, 190). There is no reason to depart from it now.
Finally, I suggest that stare decisis is no obstacle to such self-correction. Apt is Holmes' classical admonition against a rule which persists for no better reasons than that "it was laid down in the time of Henry IV".[*]
Order affirmed, without costs, in a memorandum.
NOTES
[*] Holmes, The Path of the Law, reprinted in Jurisprudence in Action (Baker, Voorhis & Co., Inc., pp 275, 290).