Fuchsberg, J.
(dissenting). I would reverse, essentially for the reasons stated by Justice Leon D. Lazer in the dissenting opinion he crafted for Justice David T. Gibbons and himself at the Appellate Division. In doing so, I also observe that the majority at the Appellate Division took the pains to note that it was constrained by the prior pronouncements of our court.
At stake is the rule rendering an agent’s out-of-court statement inadmissible against his or her principal unless it is made pursuant to the latter’s authorization to speak. This though the declaration contains the following indices of reliability: (1) the declaration purportedly was made on personal knowledge, (2) the declaration was made during the course of the agency or employment of the declarant and (3) the declaration was with regard to a matter within the scope of the declarant’s employment. Well-nigh every other court of last resort and nearly every standard-setting body which has had occasion to evaluate the matter has now concluded, in my view soundly, that a declaration so reinforced constitutes a valid exception to the rule against hearsay (see, e.g., the authorities cited at 86 AD2d 624, at p 626).
I therefore find it troubling that, ignoring this chorus of condemnation, we defer reform of a Judge-created “widely criticized rule of evidence” to the Legislature, whenever and however that body may choose to act, in the interim dooming an incalculable number of cases to an unjust result. As Judge Fuld, in words which could have been written for this case, stated for a unanimous court some 20 years ago, “The common law of evidence is constantly being refashioned by the courts of this and other jurisdictions to meet the demands of modern litigation. Exceptions to the hearsay rules are being broadened and created where necessary * * * Absent some strong public policy or a clear act of pre-emption by the Legislature, rules of evidence should be fashioned to further, not frustrate, the truth-finding function of the courts in civil cases” (Fleury v *1043 Edwards, 14 NY2d 334, 341). A decade later, we again unanimously indorsed this declaration of policy (Matter of Brown v Ristich, 36 NY2d 183, 190). There is no reason to depart from it now.
Finally, I suggest that stare decisis is no obstacle to such self-correction. Apt is Holmes’ classical admonition against a rule which persists for no better reasons than that “it was laid down in the time of Henry IV”.*
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur; Judge Meyer concurs on constraint; Judge Fuchsberg dissents and votes to reverse in an opinion.
Order affirmed, without costs, in a memorandum.

 Holmes, The Path of the Law, reprinted in Jurisprudence in Action (Baker, Voorhis & Co., Inc., pp 275, 290).