██ In the Matter of the Estate of ARTHUR W. MEAD, Deceased. HAYDON A. MEAD, Appellant.—Decree unanimously affirmed without costs. Memorandum: The court erred in excluding the testimony of Kathleen Mead, the wife of Haydon Mead, concerning personal transactions with the decedent, Arthur Mead. The parties raising an objection to the competency of testimony under the Dead Man's Statute (CPLR 4519) have the burden of proving incompetency *(Harrington v Schiller,* 231 NY 278, 286; *Franklin v Kidd,* 219 NY 409, 413-414; *Abbot v Doughan,* 204 NY 223). A spouse of an interested party is not, by reason of the marriage relationship, disqualified from testifying against the estate *(Laka v Krystek,* 261 NY 126, 130; *Griggs v Renault Selling Branch,* 179 App Div 845, 850). Moreover, the objectants did not prove that Kathleen had any direct interest in the event. Deposit of articles in a jointly leased safe-deposit box does not effect a change of title unless there is an express agreement that the contents of the box shall be joint property *(Matter of Brown,* 86 Misc 186, 187, *affd* 167 App Div 912, *affd* 217 NY 621; 9 NY Jur 2d, Banks and Financial Institutions, § 276).

Nevertheless, the error in excluding Kathleen's testimony was harmless. The proof against Haydon Mead's allegation of a gift, even considering Kathleen's proffered testimony, was overwhelming, and although there may have been a "rational possibility", there was no "significant probability" that had the jury heard the testimony of Kathleen, it would have come to a different result *(see, People v Crimmins,* 36 NY2d 230, 241). The evidence shows that, after the date of the alleged gift, Haydon indicated to others that the bonds were the property of the decedent, and they continued to be kept in the decedent's file cabinet located in his office. The jury was properly charged that the burden of proof was upon Haydon to prove by a fair preponderance of the "clear and convincing,

credible evidence" that his claim of a gift was true. In view of the other proof in the case, it is improbable the jury would find that the testimony of Kathleen, an obviously biased witness, would have supplied the clear and convincing evidence necessary to establish a gift.

We reject Haydon Mead's contention that the Surrogate erred in refusing to permit him to read into evidence his deposition taken in a prior proceeding to appoint a conservator for Arthur. The deposition is not admissible under CPLR 3117 (use of depositions) because that section does not authorize the use of a deposition where the witness later becomes unavailable to testify because of the operation of the Dead Man's Statute. The statute speaks of unavailability only in terms of the distance of the witness from the place of trial, the death of the witness, or his physical or mental inability to attend or testify (see, CPLR 3117 [a] [3]).

Nor is the deposition admissible under CPLR 4517 governing the use of former testimony by an unavailable witness, for that section only applies to the use of former testimony taken at a "trial". Regardless of this restriction in CPLR 4517, a deposition may be admissible under the common-law rule concerning former testimony (see, Fleury v Edwards, 14 NY2d 334; Siegel v Waldbaum, 59 AD2d 555). Thus, in Siegel (supra), a party was permitted under the common-law rule to read into evidence his deposition concerning personal transactions with the opposing party, where he had become incompetent to testify at the trial because of the death of the opposing party after the taking of the deposition and before trial. In allowing the deposition to be read, the Siegel court said that the rationale of the Dead Man's State "is that there is no one who can confront and cross-examine a witness as to conversations with a deceased party. Here, when the testimony was given, the other party was present and, in point of fact, was the examiner." (Siegel v Waldbaum, supra, at 555.) In the instant case, Arthur Mead, unlike the decedent in Siegel, was unable to be present and confront the witness. When the deposition was taken he was in a nursing home and, as admitted by Haydon in his answer in the conservatorship proceeding, was incapable of handling his affairs. (Appeal from decree of Monroe County Surrogate's Court, Ciaccio, J.—letters of administration.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.