■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD PRESLER, Appellant.—Judgment affirmed. Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of driving while intoxicated, as a felony, and related traffic offenses. It was not error for the trial court to deny admission of a statement by a person present in the car which may have indicated that he, rather than the defendant, was the driver of the vehicle. The statement was hearsay and did not fit within any of the recognized exceptions to the hearsay rule. The statement was not against the declarant's penal interest, as the dissent suggests, because there does not exist sufficient proof independent of the declaration to insure its reliability *(see, People v Shortridge,* 65 NY2d 309, 312-313). The fact that a similar statement was admitted during a prior trial of the defendant did not bind the trial court here to make the same ruling *(see, People v Nieves,* 67 NY2d 125, 136). In any event, even if the court's ruling was

error, it was harmless given the overwhelming evidence of defendant's guilt based upon a police officer's identification of the defendant as the driver of the vehicle. The officer observed the car without headlights during an extended high-speed chase in which the officer was able to drive his car within one car length of the defendant's vehicle. Moreover, the officer observed boot prints coming from the driver's side of the defendant's vehicle and sneaker prints coming from the passenger side and the officer testified that defendant wore work boots when he was arrested. We have considered the remaining claims raised by the defendant and find them lacking in merit.

All concur, except Callahan, J. P., and Pine, J., who dissent and vote to reverse and grant a new trial, in the following memorandum.

Callahan, J. P., and Pine, J. (dissenting). We cannot agree with the majority position that the trial court did not err in denying defendant's application to offer evidence as to a statement made by the other occupant of the vehicle which implied that he, rather than the defendant, was the driver of that vehicle. On the night in question, a Deputy Sheriff pursued the subject vehicle in which he observed two occupants. When the car finally stopped, both occupants fled. Police subsequently tracked down defendant and placed him under arrest for DWI. On that same evening Joel Kirshner, the other occupant, was picked up by a female acquaintance as he was walking along the road. When Kirshner first got into her car, he said "I don't want a DWI." Kirshner had died prior to defendant's second trial and thus was unavailable as a witness. Defendant, however, made an offer of proof in which he sought to introduce evidence as to Kirshner's statement in an attempt to support his defense that he was not the driver. The trial court denied his application on the grounds that it was hearsay and did not fit within any recognized exception. The majority concludes that this ruling was correct, or, even if it were erroneous, the error was harmless.

In our view, the statement falls within the declaration against penal interests exception to the hearsay rule. Surely it fits within the criteria enumerated by the Court of Appeals in *People v Shortridge* (65 NY2d 309, 312) which must be demonstrated by the party offering the declaration: (1) the declarant is unavailable to give testimony by reason of absence from the jurisdiction, refusal to testify on constitutional grounds, or death; (2) the declarant was aware at the time of its making that the statement was contrary to his penal interest; (3) the

declarant had such knowledge of the facts recited in his declaration as would be required to permit him to testify to them; and (4) there exist sufficient indicia of the declaration's trustworthiness to insure its reliability. *(See, e.g., People v Settles,* 46 NY2d 154, 167; *People v Geoghegan,* 51 NY2d 45, 50 [Jasen, J., dissenting]; *People v Maerling,* 46 NY2d 289, 295-296; *People v Harding,* 37 NY2d 130, 135 [Cooke, J., concurring]; Richardson, Evidence §§ 255-263 [Prince 10th ed].)

The trial court ruled that the statement in question is open to various interpretations and is not necessarily against the declarant's penal interests. However, it is significant to note that the People never called Kirshner to testify as a witness before the Grand Jury on the grounds that he could not be forced to testify because of his rights against self-incrimination. It is further significant to note that this testimony was admitted at a prior trial which resulted in a hung jury. Since defendant claimed that he was not the driver of the vehicle in question and this statement was unquestionably relevant to his defense, the failure of the trial court to admit this statement by a witness who was no longer available to testify and which, when made, was contrary to his penal interests, requires reversal and a new trial at which such testimony should be allowed. (Appeal from judgment of Livingston County Court, Cicoria, J.—driving while intoxicated, and other offenses.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.