OPINION OF THE COURT
Jules L. Spodek, J.
Plaintiff moves to have the deposition taken of Martin Schnitzer. Martin Schnitzer is a shareholder of Sigman-Weiss Consultants, Inc. and also a partner in Sigman-Weiss Associates, P. C. These are the plaintiffs in the within action. Plaintiff contends that Mr. Schnitzer’s testimony is necessary to establish a prima facie case of fraud against the defendants. Plaintiff maintains, borne out by the affirmation of defen *112 dant’s attorney Ira M. Belfer, Esq., that Mr. Raiff suffers from kidney failure and heart disease. While Mr. Raiff has labored under this disability for some years, defendant’s counsel maintains that there is no indication that Mr. Raiff is in extremis. Notwithstanding the protestations of defendant’s counsel, caution on the part of the plaintiff requires that the testimony necessary to prove a prima facie case be taken. Were Mr. Raiff, one of the defendants, to die prior to the time of the trial, Mr. Schnitzer, who is a stockholder in one of the plaintiff corporations and a partner in the plaintiff partnership, would be unable to testify at trial by reason of CPLR 4519 commonly referred to as the Dead Man’s Statute. Thus, the testimony is sought not to preserve Mr. Schnitzer’s testimony but to make certain that such testimony is not precluded at the time of the trial in the event of Mr. RaifFs demise.
Since testimony of a party can be taken to preserve testimony should that party die prior to trial, so should it be permitted where the death of an opposing party would prevent such testimony from being given at trial because of the Dead Man’s Statute.
Since the witness sought to be deposed, Martin Schnitzer, is both a member and a profit-sharing associate of Sigman-Weiss, P. C., a partnership, as well as a stockholder of Sigman-Weiss Consultants, Inc., he would be directly financially affected by any judgment in the within action, and as such, his testimony would be barred under the Dead Man’s Statute should Mr. Raiff fail to survive the trial.
It is clear that if the plaintiff’s own deposition is taken, by his own attorney while his adversary is alive, the deposition would be permitted to be read at the time of the trial, since his adversary could also give testimony, but not otherwise. In order to permit the testimony of an interested witness in the litigation to be given at the time of trial, there must be someone who could confront and cross-examine such a witness as to conversations with the deceased when the testimony is taken. As long as the defendant is still alive and can still give testimony even by way of interrogatories or deposition, the Dead Man’s Statute could pose no barrier. (Siegel v Waldbaum, 59 AD2d 555.)
3A Weinstein-Korn-Miller |J 3107.03a states "that 'a party desiring to take the deposition of any person shall give to each party twenty days’ notice’ ” and further indicates "that a *113 party may take his own deposition or that of any other person” (emphasis supplied). It is also indicated that a party who wishes to take his own deposition is not required to show any special circumstances. Therefore, even in the absence of special circumstances, such a deposition could be had. A fortiori, where there are special circumstances, as in the case where the Dead Man’s Statute may prevent the witnesses’ testimony to be given at the time of the trial, there is even more reason to permit this deposition to be taken and expeditiously.
Since Mr. Raiff, who is ill and in Florida, is alive, his testimony can be preserved as well, if necessary. Arrangements can be made now should Mr. RaifFs attorney wish so, either for the taking of a deposition by the use of interrogatories, to be followed up by an oral deposition shortly before the trial, or if absolutely necessary, the taking of oral testimony out of State. Under all of these circumstances the plaintiffs would be severely prejudiced were Mr. Raiff to die prior to the trial and the Dead Man’s Statute therein applied. The need for this deposition cries out and to deny it in a fraud action, especially, would be an improvident exercise of this court’s discretion. For the reasons set forth the plaintifFs motion to take his own deposition is granted.