OPINION OF THE COURT
Howard Miller, J.
Motion by defendant to preclude plaintiff’s pretrial deposition from being read at trial is granted.
*33 Defendant moves to preclude plaintiff from utilizing his pretrial deposition on his case-in-chief at the trial of this action. Subsequent to the taking of the deposition, defendant (who was never deposed) died. It is plaintiff’s position that the 1977 Second Department holding in Siegel v Waldbaum (59 AD2d 555) permits the use of the deposition. Defendant asserts CPLR 4519 (the Dead Man’s Statute) as a bar to this testimony, relying on the 1972 Court of Appeals case of Phillips v Kantor & Co. (31 NY2d 307).
Both parties acknowledge that under CPLR 4519 plaintiff is barred from testifying at trial about an oral contract for services with the deceased defendant. It is also not disputed that the Siegel case (supra) permitted, under the set of facts in that case, a pretrial deposition to be used as evidence-in-chief against a deceased defendant who had been present when the prior testimony was given. Siegel stated that the rationale for the Dead Man’s Statute "is that there is no one who can confront and cross-examine a witness as to conversations with a deceased party” (at 555). The Siegel Court noted that the decedent was present when plaintiff’s testimony was given and, in point of fact, was the examiner.
In this case, according to the uncontradicted affidavits on the motion, the plaintiff was deposed by defendant’s counsel on April 24, 1990 and May 21, 1990. Although plaintiff sought to take defendant’s deposition following plaintiff’s deposition, the defendant was recuperating from a stroke and his attending physician advised defendant’s counsel on May 3, 1990 that defendant was not physically capable of being deposed. Therefore, it would appear that defendant was not present at the deposition and not capable of providing his counsel with any means to "confront and cross-examine” during plaintiff’s testimony. Counsel states in her affidavit on this motion that the depositions of plaintiff were conducted "to explore in detail the allegations Rosenberg made in his complaint and to elicit as much information as possible regarding his version of the facts and circumstances about the oral contract”. It does not appear that under the circumstances of this case the decedent had a fair opportunity to "confront and cross-examine” the plaintiff. The Fourth Department, in 1987, held that the defendant’s inability to participate in the deposition barred its later use (Matter of Mead, 129 AD2d 1008).
The Practice Commentaries (Alexander, McKinney’s Cons Laws of NY, Book 7B, CPLR C4519:5, at 179) proposed a *34 "balancing test” in weighing the admissibility of a pretrial deposition when CPLR 4519 is invoked: "Circumstances such as those in Siegel, where the decedent himself, before he died, played a significant role in the cross-examination of the interested witness during the deposition, should weigh in favor of admissibility. Whether such confrontation, alone, would justify admissibility in all cases is far from clear. The result in Mead is probably correct because the decedent himself was incapable of playing any role in the deposition of the opponent. Since the purpose of CPLR 4519 is adversarial balance, courts might consider withholding admissibility of the interested party’s deposition at trial unless the decedent also gave testimony in a pretrial deposition or at trial prior to death. Even if the estate decided not to offer the decedent’s own testimony, at least the decedent will have had the opportunity to tell his side of the story under oath.”
Under the circumstances of this case, where the defendant has not only not had an opportunity to "tell his side of the story under oath,” but has also not had an opportunity for meaningful confrontation and cross-examination, the equities weigh in favor of excluding plaintiff’s pretrial deposition.
A careful reading of the Phillips case (supra) supports this view. Phillips holds that by the taking of an opponent’s testimony, a substituted representative does not waive the right to assert the Dead Man’s Statute at the time of trial. The Court of Appeals specifically rejected the position taken in other States, where the statute is more general, that the taking of a deposition, or the serving of interrogatories, constitutes a waiver of the right to assert the bar at trial. While the Court of Appeals permitted evidence which would be excludable at trial to be received for the limited purpose of determining whether an issue of fact existed sufficient to defeat a motion for summary judgment, it did not contemplate that the entire deposition would be admissible for the purposes of supporting the evidence-in-chief. In fact, the Court specifically held that the "deposition would be usable to attack his [the plaintiff’s] credibility on the issue of reliance, but a factual issue on that score would still have to be resolved” (at 314), and that, "[u]pan a trial, the full policy of the Dead Man’s Statute will be given unstinting application” (at 315).
While defendant may utilize the plaintiff’s deposition for purposes of impeachment, it may not be used by the plaintiff to prove his case.