Billok v Union Carbide Corp. (2019 NY Slip Op 02185)





Billok v Union Carbide Corp.


2019 NY Slip Op 02185


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

526276

[*1]MICHAEL BILLOK, Individually and as Executor of the Estate of KIMBERLEE BILLOK, Deceased, Appellant,
v
UNION CARBIDE CORPORATION, Respondent.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Levy Konigsberg, LLP, New York City (Keith W. Binder of counsel), for appellant.
Orrick, Herrington & Sutcliffe LLP, New York City (Eric A. Shumsky of Orrick, Herrington & Sutcliffe LLP, Washington, DC, admitted pro hac vice), and Darger Errante Yavitz & Blau LLP, New York City, for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.
Appeal from a judgment of the Supreme Court (Aulisi, J.), entered May 12, 2017 in Saratoga County, upon a verdict rendered in favor of defendant.
In 2014, Kimberlee Billok (hereinafter decedent) was diagnosed with mesothelioma, an asbestos-related cancer, and died three months later at the age of 42. Contending that decedent's fatal illness was caused by her exposure, as an infant, to Georgia-Pacific LLC joint compound containing asbestos, plaintiff commenced this action against defendant, one of several companies that supplied asbestos materials to Georgia-Pacific during the time of the claimed exposure [FN1]. Prior to trial, defendant filed a motion in limine (1) to preclude plaintiff from introducing videotaped deposition testimony given by Charles Lehnert, a former Georgia-Pacific employee familiar with that company's joint compound formulas, in two unrelated actions in, respectively, 2001 in Illinois and 2003 in Texas, and (2) permitting it, in the event that this testimony was not precluded, to introduce videotaped deposition testimony given by Lehnert in 2007 in a third action in Texas, wherein he purportedly contradicted his 2001 and 2003 testimony.
Following oral argument, Supreme Court (1) denied defendant's motion to preclude plaintiff from introducing Lehnert's 2001 and 2003 deposition testimony, and (2) granted the motion to the extent that it permitted defendant to introduce portions of Lehnert's March 2007 [*2]deposition testimony. Following a jury trial, at which jurors viewed portions of all three depositions, the jury returned a verdict in defendant's favor. Plaintiff appeals, and we reverse.
We agree with plaintiff that Supreme Court abused its discretion by permitting defendant to introduce portions of Lehnert's March 2007 deposition testimony. Although Supreme Court has broad discretion in making evidentiary rulings, such that its determination will not be disturbed absent an abuse of discretion (see Mazella v Beals, 27 NY3d 694, 709 [2016]; O'Buckley v County of Chemung, 149 AD3d 1232, 1234 [2017]), CPLR 3117 (a) (3) provides, in relevant part, that "any part or all of a deposition, so far as admissible under the rules of evidence, may be used . . . by any party for any purpose against any other party who was present or represented at the taking of the deposition or who had the notice required under these rules." Here, defendant was permitted to introduce deposition testimony given by Lehnert in the 2007 Texas state court action for the purpose of demonstrating that it contradicted the 2001 and 2003 testimony that plaintiff had been permitted to introduce as part of its case-in-chief. However, although defendant was a party to the 2007 Texas action, plaintiff was not, and he had no opportunity to be present and cross-examine Lehnert. Thus, this testimony was not admissible under CPLR 3117 (a) (3) (see Bigelow v Acands, Inc., 196 AD2d 436, 439 [1993]; Matter of Eighth Jud. Dist. Asbestos Litig., 190 AD2d 1008, 1009 [1993]; cf. Ildong Yeo v Spa Castle, Inc., 131 AD3d 1120, 1120 [2015]; Rivera v New York City Tr. Auth., 54 AD3d 545, 547 [2008]; see also Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3117:6 at 90; 3117:11 at 101). As such testimony pertained directly to the central issue to be resolved by the jury — i.e., whether the joint compound that decedent was exposed to as an infant contained asbestos supplied by defendant — we cannot say that its admission constituted harmless error (compare Green Is. Assoc. v Lawler, Matusky & Skelly Engrs., 170 AD2d 854, 857 [1991]) and, therefore, the judgment must be reversed and remitted for a new trial.
Because we are ordering a new trial, our review does not end here. Although defendant did not cross-appeal, our holding reversing Supreme Court's ruling regarding Lehnert's 2007 testimony necessarily brings up for review Supreme Court's denial of defendant's motion to preclude Lehnert's 2001 and 2003 testimony (see CPLR 5501 [a] [1]; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]; Frechette v State of New York, 129 AD3d 1409, 1413 n 1 [2015]). Upon review, we find that none of Lehnert's deposition testimony should have been admitted into evidence at this trial. Although a live witness may be impeached with prior inconsistent testimony, Lehnert never testified for any party in this action, either at the trial itself or at any pretrial deposition. He was merely a witness who had testified years ago in multiple other states on the subject of the content of Georgia-Pacific joint compound. Rather than calling him (or any other witness) to testify on this topic, both parties resorted to retrieving video of Lehnert's testimony in those earlier actions and selectively playing those portions they believed supported their respective contentions. The jury was essentially asked to determine whether Lehnert, an empty chair in New York, testified more credibly in Illinois or Texas. In this scenario, CPLR 3117 (a) (2) did not permit plaintiff to introduce the 2001 and 2003 depositions on his case-in-chief, and CPLR 3117 (c) did not permit defendant to impeach those depositions with another deposition.
To the extent that our holding does not obviate the need to consider plaintiff's further assertions of evidentiary error, we will address same. First, we find no error in Supreme Court's ruling permitting the testimony of defendant's expert, Jonathan Watson, a certified industrial hygienist, as he possessed the requisite skill, training, education, knowledge and experience to render a reliable opinion at trial (see Matott v Ward, 48 NY2d 455, 459 [1979]; Pember v Carlson, 45 AD3d 1092, 1093 [2007]), and his testimony served to aid the jury's understanding of the content and use of the relevant formula sheets admitted at trial (see Selkowitz v County of Nassau, 45 NY2d 97, 102 [1978]; Hurrell-Harring v State of New York, 119 AD3d 1052, 1053-1054 [2014]). Second, we reject plaintiff's contention that Supreme Court improperly precluded admission of the formula sheets pertaining to certain Georgia-Pacific facilities other than the Akron facility, as the admission of same had only "slight, remote or conjectural significance" to the core issue in dispute and had the potential to confuse or mislead the jury such that it was not [*3]an abuse of discretion for Supreme Court to preclude same (People v Primo, 96 NY2d 351, 355 [2001] [internal quotation marks and citations omitted]; see Cooper v Nesteros, 159 AD3d 1365, 1367 [2018]). To the extent not specifically addressed, plaintiff's remaining contentions have either been rendered academic or have been reviewed and found to be without merit.
Garry, P.J., and Clark, J., concur.




Lynch, J. (dissenting).


We respectfully dissent. In our view, Supreme Court did not abuse its discretion by permitting defendant to introduce portions of Charles Lehnert's 2007 deposition testimony. Over defendant's objection, plaintiff was allowed to present on his direct case Lehnert's 2001 and 2003 deposition testimony, in which he opined that "from September [1970] forward all available formulas used some SG.-210," i.e., an asbestos product that defendant supplied to Georgia-Pacific LLC for use in the joint compound. As a consequence, plaintiff made Lehnert a witness (see CPLR 3117 [d]), entitling defendant to utilize Lehnert's 2007 deposition for purposes of impeachment within the parameters of CPLR 3117 (a) (1). Although the parties debate whether Lehnert gave inconsistent testimony in his 2007 deposition, his concession that a chart that he prepared and utilized in the 2001 and 2003 depositions may have been inaccurate reasonably could be used for purposes of impeachment (see People v Wise, 46 NY2d 321, 326-327 [1978]). A deposition may be used under CPLR 3117 "so far as admissible under the rules of evidence" (CPLR 3117 [a]). Accepting that Lehnert's 2007 deposition testimony is hearsay, the testimony bears sufficient indicia of reliability to justify its admission under the hearsay exception for prior inconsistent statements (see Kaufman v Quickway, Inc., 14 NY3d 907, 908 [2010]; Guide to NY Evid rule 8.33, Prior Inconsistent Statement). Because Lehnert did not appear in person at this trial, defendant was not required to first establish a foundation for the use of this testimony (see Jerome Prince, Richardson on Evidence § 8-111 [Farrell 11th ed 1995]).
Moreover, Lehnert's testimony was given under oath and subject to cross-examination in a separate action commenced in Texas against defendant regarding the presence of asbestos in the same joint compound product. Although plaintiff was not a party in that Texas action, the plaintiffs in that action were no doubt equally motivated to establish their claims as plaintiff is here (see Fleury v Edwards, 14 NY2d 334, 339 [1964]). Lehnert's 2007 deposition also falls within the embrace of the common-law former testimony hearsay exception (see id.; Jerome Prince, Richardson on Evidence §§ 8-501, 8-502 [Farrell 11th ed 1995]; 5A NY Practice, Evidence in New York State and Federal Courts § 8:81 [2d ed 2011]; 2 McCormick on Evidence § 301 et seq. [7th ed 2016]). Supreme Court authorized defendant to utilize Lehnert's 2007 deposition "[i]n the interest of justice, and in the interest of fairness," and, for the reasons set forth above, we perceive no abuse of discretion in the court's determination. Having so concluded, it is unnecessary to address the denial of defendant's motion to preclude Lehnert's 2001 and 2003 deposition testimony. We otherwise agree with the concluding paragraph of the majority's analysis. As such, the judgment should be affirmed.
Pritzker, J., concurs.
ORDERED that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for a new trial.



Footnotes

Footnote 1: Plaintiff commenced this action both individually and as executor of decedent's estate. Although Georgia-Pacific was originally named as a defendant, it subsequently settled with plaintiff and is no longer a party to this action.