Matter of Aponte v Jagnarain (2022 NY Slip Op 03112)

Matter of Aponte v Jagnarain

2022 NY Slip Op 03112

Decided on May 11, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-02475
 (Docket No. V-4433-16/20C)

[*1]In the Matter of Paul Brian Aponte, respondent,
v
Alicia Jagnarain, appellant.

Rhonda R. Weir, Brooklyn, NY, for appellant.
Barry J. Fisher, Garden City, NY, for respondent.
Kenneth M. Tuccillo, Hastings-on-Hudson, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated March 9, 2021. The order, insofar as appealed from, after a fact-finding hearing, in effect, granted the father's petition to modify a prior order of custody and parental access of the same court (Ellen R. Greenberg, J.) dated December 7, 2017, and a prior order of custody and parental access of the same court (Ayesha K. Brantley, J.) dated June 12, 2019, so as to limit the mother's parental access with the parties' child to supervised parental access, and directed the mother to stay away from the child, except for supervised parental access.
ORDERED that the order dated March 9, 2021, is affirmed insofar as appealed from, without costs or disbursements.
The factual and procedural background of this matter is set forth in our decision and order on a consolidated set of appeals related to this one (see Matter of Aponte v Jagnarain, ___ AD3d ___ [Appellate Division Docket No. 2021-02472; decided herewith]). As noted therein, the Family Court conducted a fact-finding hearing in the family offense proceeding, in which the father alleged that the mother had committed the family offense of harassment in that she repeatedly had falsely accused him of sexually abusing the parties' child, and, upon the mother's failure to appear at the hearing, issued a final order of protection directing the mother to stay away from the child except for supervised parental access.
Thereafter, the Family Court conducted a hearing on the father's petition to modify the prior orders of custody and parental access issued in this matter by limiting the mother's parental access with the child to supervised parental access. At the hearing, the court heard testimony from the father, and incorporated the testimony of a witness who, at the hearing in the family offense proceeding, had recounted the accusations made by the mother against the father. In an order dated March 9, 2021, the court, among other things, in effect, granted the father's petition to modify the prior orders of custody and parental access, and directed the mother to stay away from the child, except for supervised parental access. The mother appeals.
Contrary to the mother's contention, the Family Court did not err in incorporating into the record of the custody and parental access proceeding the testimony of the witness who had testified at the hearing in the family offense proceeding. A witness's testimony may be incorporated into a later proceeding if "it was given under oath, referred to the same subject-matter, and was heard in a tribunal where the other side was represented and allowed to cross-examine" (Fleury v Edwards, 14 NY2d 334, 338-339; see Siegel v Waldbaum, 59 AD2d 555). Here, the prior testimony was given under oath and referred to the same subject matter, and the mother was allowed to cross-examine the witness at the earlier hearing, but declined to avail herself of that opportunity when she voluntarily absented herself from that hearing. In addition, the mother had the opportunity to call the witness to testify at the hearing in the custody and parental access proceeding, and, if necessary, to request that the court deem her to be a hostile witness so that the mother could impeach her, but she failed to do so (see Matter of Carballeira v Shumway, 273 AD2d 753, 757).
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of LaPera v Restivo, 202 AD3d 788, 789). "The determination of visitation is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis" (Matter of Ottaviano v Ippolito, 132 AD3d 681, 683). Here, the Family Court determined that there had been a change in circumstances sufficient to warrant a modification of parental access based on evidence that the mother repeatedly made unfounded allegations that the father had sexually abused the child, and that those accusations required the child, at the age of four, to be subjected to intrusive physical examinations. This determination has a sound and substantial basis in the record, and therefore will not be disturbed (see Matter of Jorge JJ. v Erica II., 191 AD3d 1188).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court